**Adam ABDUL–HAKEEM (a/k/a Larry Davis), Plaintiff,**

v.

**Richard KOEHLER, Commissioner, New York City Department of Corrections; Eric Taylor, Warden, Rikers Island, a Facility of the Aforesaid Department; Deputy Gallo, Captain Gaillard, Officer Guadagno, and "John Does" 1–20 being officers at the Aforesaid Facility; J. Michael Quinlan, Director, United States Bureau of Prisons; and George Wigen, Warden, Metropolitan Correctional Center, a Facility of the Aforesaid Bureau, Defendants.**

No. 89 Civ. 3142 (MBM).

United States District Court,
S.D. New York.

Aug. 25, 1989.

Michael W. Warren, New York City, for plaintiff.

Benito Romano, U.S. Atty., S.D.N.Y., (Jed Rubenfeld, Asst. U.S. Atty., of counsel) New York City, for defendants Michael Quinlan and George Wigen.

Robert Daly, Gen. Counsel, New York City Dept. of Correction (Joseph Guarino, of counsel), New York City for other defendants.

MEMORANDUM AND ORDER

MUKASEY, District Judge.

Plaintiff Adam Abdul–Hakeem, also known as Larry Davis, has been convicted of firearms offenses, and will soon be tried for other felonies. Hakeem currently is incarcerated on Rikers Island, a prison run by the New York City Department of Correction, although he has been transferred to other state and city facilities during the pendency of this action. He contends both here and in an ongoing proceeding in state court that guards and inmates are trying to hurt or kill him. Therefore, in this proceeding he seeks release on reasonable bail or transfer from New York's prison system. Alternatively, he seeks to enjoin guards from threatening his life or giving inmates the opportunity to harm him. In addition, his complaint seeks other miscellaneous relief, such as the return of his property from Attica state prison, a new pair of eyeglasses, guaranteed access to his counsel, visiting privileges of the sort granted to other prisoners, and a medical examination by the doctor of his choice. Fed.R. Civ.P. 65. Hakeem sues defendants Richard Koehler, Commissioner of the New York City Department of Correction, Eric Taylor, the warden at Rikers Island Prison, and Rikers Island employees Gallo, Gaillard, Guadagno, and 20 others whose names are unknown. Hakeem also had sued two federal officials, but the case against them was dismissed for lack of subject-matter jurisdiction. *Hakeem v. Koehler*, 89 Civ. 3142 (MBM), slip op. at 6–8, 1989 WL 85173 (S.D.N.Y. July 21, 1989). For the reasons discussed below, Hakeem's motion for a preliminary injunction is denied and his suit against the state defendants is dismissed.

■ The portion of Hakeem's suit seeking either transfer to a different place of confinement or release on bail must be dismissed as unexhausted. As noted in a prior Opinion and Order, all requests for release or transfer are petitions for habeas corpus relief, and therefore are subject to an exhaustion requirement. *Hakeem v. Koehler*, 89 Civ. 3142 (MBM), slip op. at 2–6 (S.D.N.Y. July 21, 1989). Although exhaustion of state remedies is not a jurisdictional prerequisite to considering a habeas corpus petition, none of the reasons that justify ignoring the exhaustion requirement are applicable to this matter. Unlike cases where facially frivolous but unexhausted claims are considered on their merits and dismissed, Hakeem's allegations of repeated mistreatment, if true, would raise substantial constitutional issues. Additionally, unlike cases where the state has not raised the exhaustion issue, when a full trial on the merits has been held and relief plainly is warranted, New York argues vigorously for exhaustion and there has not even been one evidentiary hearing in Hakeem's federal action. *See Granberry v. Greer*, 481 U.S. 129, 135, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987); *Davis v. Lansing*, 851 F.2d 72, 75–76 (2d Cir.1988). Finally, unlike cases where state courts are not open to hear Hakeem's federal constitutional claims, New York courts are open and willing to grant at least some of the relief Hakeem seeks, such as release on bail. *See* 28 U.S.C. § 2254(b) (1982). Therefore, the interests of comity underlying the exhaustion requirement are best served here by allowing these claims to be passed on by the state courts in the first instance. Accordingly, Hakeem's suit to be transferred from the New York state prison system, or to be released on bail, is dismissed.

Hakeem's other causes of action—for an injunction against the guards, return of his property, a new pair of eyeglasses, greater access to counsel and visiting privileges, and a medical examination by the doctor of his choice—have been litigated as a sideshow to Hakeem's claims for habeas corpus relief. In fact, Hakeem now states that he "seeks no other relief from this court ex-

cept transfer from the custody of [defendants]." Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction and in Reply to State Defendants' Memorandum of Law at 12. Taking Hakeem at his counsel's word, these other claims are deemed withdrawn.

However, even if these claims were not withdrawn, prudential considerations would require this court to stay its hand and abstain. Although federal courts generally must exercise jurisdiction over claims properly presented to them, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), there are certain exceptional circumstances when "in deference to parallel state court proceedings, the court may decline to exercise jurisdiction over a properly presented federal claim in order to further the interests of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *American Disposal Servs., Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir.1988) (citing *Colorado River Water Conservation Dist.*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952))).

■ In determining whether or not to abstain, various interests are balanced against one another on scales weighted toward the exercise of federal jurisdiction. The six factors commonly analyzed are: (1) The assumption by the state or federal court of jurisdiction over a *res* or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law provides the rule of decision; and (6) whether the state court proceeding will protect adequately the rights of the federal plaintiff. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16, 103 S.Ct. 927, 936–37, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation Dist.*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47 (factors 1–4).

■ Applying those principles here, there is no property over which to obtain jurisdiction, and the forums are equally accessible. Therefore, these two factors weigh in favor of exercising jurisdiction. *Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir.1989). Moreover, as Hakeem's claims regarding the conditions of his confinement are properly considered under 42 U.S.C. § 1983 (1982), *see Preiser v. Rodriquez*, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 1840–41, 36 L.Ed.2d 439 (1973), federal law provides the rule of decision for Hakeem's suit. *American Disposal Servs., Inc.*, 839 F.2d at 88. Therefore, this factor also weighs in favor of exercising jurisdiction over Hakeem's claim.

However, the other three factors strongly favor abstention. As an initial matter, this case involves a plaintiff who, having failed to obtain the desired relief in the forum of his own choosing, brought a second proceeding in order to try again. *See, e.g., Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985). Hakeem originally went to state court to litigate whether his constitutional rights were being violated in state prisons. The relief Hakeem sought there was transfer to federal custody. Justice Lowe of the New York Supreme Court indicated that even if Hakeem's allegations were true, a New York state court could not order a federal prison to accept Hakeem. *See* complaint at ¶ 22. Shortly thereafter, instead of continuing his state-court action in the hope of being transferred to another state's prison system, being released on reasonable bail, or ending the alleged violation of his rights, Hakeem began this action, seeking transfer to another state's prisons or release on bail as alternatives to transfer into federal custody. Therefore, just like the plaintiff in *American Disposal Servs., Inc.*, Hakeem comes here after receiving an adverse preliminary ruling in his state proceeding. 839 F.2d at 88. Moreover, Hakeem's stated reason for suing in federal court—that he wishes to be transferred into federal custody—does not weigh against abstention. As noted in a prior Opinion and Order, the fact that no court can order Hakeem—a state prison-

er—transferred into federal custody, does not mean that the state court is powerless to grant him an alternative form of complete relief on his constitutional claims, such as release on bail, or an order directing that state officials negotiate Hakeem's transfer to another state's prison system, or an injunction that the allegedly unconstitutional conduct cease. *Hakeem v. Koehler*, 89 Civ 3142 (MBM), slip op. at 6–8 (S.D.N.Y. July 21, 1989).

Moreover, the record reflects that although Hakeem's state action lay dormant when this proceeding was originally filed, it was reactivated soon afterward. Refocusing his attention on state court, Hakeem began litigating the very issue that he litigated before Justice Lowe and that he sought to litigate in this court—whether his constitutional rights were being violated in New York prisons. In addition, Hakeem seeks relief in this action from essentially the same group of persons involved in the state proceeding. *Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d at 362–63 (identical or parallel claims in state and federal actions favors abstention); *cf. Zemsky v. City of New York*, 821 F.2d 148, 152–53 (2d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987) (defendants' presence in only one action militates against abstention). The only difference between the two classes of defendants is that in the state action, there are 40 "John Doe" prison-guard defendants, and in the federal action, there are 20 "John Doe" and three named prison-guard defendants. As noted before, originally, the federal action also included two federal defendants, but they were dismissed from this action on jurisdictional grounds. *Hakeem v. Koehler*, 89 Civ. 3142 (MBM), slip op. at 6–8 (S.D.N.Y. July 21, 1989). Moreover, the state court has begun active consideration of Hakeem's claims: It has held two evidentiary hearings, ordered Hakeem transferred to a hospital for tests, and scheduled further hearings to analyze the results. Transcript of June 30, 1989 Oral Argument at 8–15. In contrast, the litigation in this forum has focused primarily on the taxonomy of Hakeem's claims, and the propriety

of bringing suit in a federal forum. *Hakeem v. Koehler*, 89 Civ. 3142 (MBM) (S.D.N.Y. August 7, 1989) (motion for reconsideration of July 21, 1989 Opinion and Order denied); *Hakeem v. Koehler*, 89 Civ. 3142 (MBM), 1989 WL 75157 (S.D.N.Y. June 30, 1989) (motion to avoid transfer from Bellevue Hospital prison ward dismissed as unexhausted); *Hakeem v. Koehler*, 89 Civ. 3142 (MBM) (S.D.N.Y. June 19, 1989) (permission to amend complaint granted, abstention briefing schedule ordered). In addition, on June 2, 1989, Justice Richard A. Goldberg of the New York Supreme Court signed an Order to Show Cause that permits Hakeem to litigate whether defendants should be held in contempt for failure to obey previous state-court orders. Proposed Order to Show Cause in *Hakeem v. Koehler*, 89 Civ. 3142 (MBM), dated June 27, 1989 Exhibit A at 44–46. Therefore, there are ancillary matters in Hakeem's state action that are governed by state law, and the continued litigation of Hakeem's claim in federal court might very well derail or delay these contempt proceedings, leading to further unnecessary intrusion into New York's judicial procedure. *See Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (abstention in favor of contempt proceeding in a private civil action). In sum, for a federal court to begin considering the merits of Hakeem's constitutional claims in any detail would promote precisely the sort of expensive piecemeal litigation that abstention was designed to avoid, and would intrude on a state proceeding that is well underway. *American Disposal Servs., Inc.*, 839 F.2d at 88 (citing *Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d at 362–63). Finally, Hakeem's repeated litigation of his civil rights claims in state court is a strong demonstration of Hakeem's belief that New York courts will protect his constitutional rights just as vigorously as this forum could. *American Disposal Servs.*, 839 F.2d at 88.

Hakeem's suit is much like the § 1983 action abstained from in *American Disposal Servs., Inc.*, in that (i) it was begun after a state-court action was underway, and on the heels of an unfavorable ruling in state

court, (ii) evidentiary hearings have already been conducted in state court, and (iii) there is no issue in this case that is not also before the state court. 839 F.2d at 88. For those reasons, exceptional circumstances warranting abstention exist here as well. Accordingly, to the extent that Hakeem has not already abandoned his claims for non-habeas corpus relief, they are dismissed. With the dismissal of his entire action, Hakeem's motion for a preliminary injunction perforce is denied.

SO ORDERED.