**Adam ABDUL–HAKEEM (a/k/a Larry Davis), Plaintiff–Appellant,**

v.

**Richard KOEHLER, Commissioner, New York City Department of Corrections; Eric Taylor, Warden, Men's House of Detention on Rikers Island, a Facility of the Aforesaid Department; Deputy Gallo, Captain Gaillard, Officer Guadagno, and "John Does" 1–20, being officers at the Aforesaid Facility; J. Michael Quinlan, Director, United States Bureau of Prisons; and George Wigen, Warden, Metropolitan Correctional Center, a Facility of the Aforesaid Bureau, Defendants–Appellees.**

No. 1019, Docket 89–7937.

United States Court of Appeals, Second Circuit.

Argued April 11, 1990.

Decided Aug. 1, 1990.

Richard L. Fenton, Chicago, Ill. (Sonnenschein, Nath & Rosenthal, Chicago, Illinois, and Kenneth J. Pfaehler, New York City; Michael W. Warren, Brooklyn, N.Y.), for plaintiff-appellant.

Elizabeth Dvorkin, New York City (Victor A. Kovner, Corp. Counsel of the City of New York, Francis F. Caputo, New York City, of counsel), for defendants-appellees.

Before LUMBARD, MAHONEY, and FRIEDMAN,* Circuit Judges.

FRIEDMAN, Circuit Judge:

This is an appeal from the judgment of the United States District Court for the Southern District of New York, dismissing a suit under 42 U.S.C. § 1983 (1982), in which the appellant, Adam Abdul–Hakeem, also known as Larry Davis, a prisoner then confined in the prison system of the city of New York, sought a transfer out of that system to another prison system. The district court dismissed the suit on the ground that a petition for habeas corpus was Hakeem's exclusive avenue for that relief, and that he could not obtain that relief because he had failed to exhaust his remedies in the

* Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, sitting by

State courts. We hold that Hakeem's claim is cognizable under section 1983. We therefore reverse the judgment dismissing his suit and remand to the district court for further proceedings.

I

This case began in early May 1989 when Hakeem filed a petition in the New York Supreme Court, New York County, for a writ of habeas corpus seeking to compel New York City corrections officials to transfer him to the Metropolitan Correctional Center ("MCC"), a federal prison. He was being held in Rikers Island, a city detention facility, awaiting trial on homicide charges, following his 1988 conviction in Bronx County for weapons possession, for which he was sentenced to five-to-fifteen years in prison. In his State habeas application he complained that repeatedly he had been brutally beaten and threatened with death by guards and officers at Rikers Island.

Hakeem then filed the present suit in the United States District Court for the Southern District of New York. Making substantially the same allegations respecting brutality at Rikers Island that he made in his State habeas petition, Hakeem sought relief under 42 U.S.C. § 1983 and 18 U.S.C. § 5003 (1988), and under the fifth, sixth, eighth, and fourteenth amendments of the U.S. Constitution. Hakeem's complaint referred to the pending State habeas proceedings, but stated that the New York court had indicated that it had no power to transfer him to MCC, which had refused to accept him, and that there would be delay in the State court's decision of the habeas application.

The complaint named as defendants the city's Correction Commissioner and the Warden at Rikers Island, a number of officers at Rikers Island, the Director of the U.S. Bureau of Prisons and the Warden at MCC.

designation.

The complaint alleged that while he was confined at Rikers Island, guards assaulted and attempted to assault him, "constantly curse at him, threaten him, and even tell him that he is going to be killed." It also alleged that "several inmates have assaulted or attempted to assault plaintiff, one with a razor blade in the shower," and that, on one occasion, correction officers who observed Hakeem's being assaulted by inmates "refused to aid him, even when he was hit in the back of the head with a hard object, causing him to cough blood. He was again refused medical attention." The complaint also asserted that Hakeem's private doctors were not permitted to visit or examine him, that his attorneys were not permitted to see him, and that he "is often denied use of a telephone to call his attorneys."

The relief Hakeem sought was a preliminary and permanent injunction (1) transferring him from Rikers Island to the MCC, (2) enjoining the Rikers Island defendants "from further interference with plaintiff's safety, well-being and legal rights," (3) directing them "to take all necessary steps to ensure plaintiff's safety, well-being and legal rights," and "to allow plaintiff free and unimpeded access to his attorneys," and (4) "allowing plaintiff to be examined by a physician [of] his choosing and to receive whatever medical care he requires." Other relief sought included providing Hakeem with "a new and suitable pair of eyeglasses" (he alleged that while previously confined at Attica Prison of the New York State system he had lost his eyeglasses and had been unable to retrieve them) and directing the City Commissioner of Corrections and the Rikers Island Warden "to take all steps necessary to recover plaintiff's property from Attica prison...."

Shortly after the filing of the federal complaint, the State court denied Hakeem's State habeas petition, holding that it had no authority to order Hakeem's transfer to MCC. Hakeem did not appeal from that ruling.

On the federal defendants' motion, the district court dismissed the complaint as to them. Hakeem has not appealed from that action.

The district court subsequently dismissed the remainder of the complaint against the city officials. *Abdul–Hakeem v. Koehler*, 718 F.Supp. 1211 (S.D.N.Y.1989). The court first held that the portion of the complaint seeking "transfer to a different place of confinement" was properly a petition for habeas corpus, and it rejected the petition because Hakeem had not exhausted his State remedies. *Id.* at 1212. The court ruled that "[a]lthough exhaustion of state remedies is not a jurisdictional prerequisite to considering a habeas corpus petition, none of the reasons that justify ignoring the exhaustion requirement are applicable to this matter." *Id.*

The court stated that in view of Hakeem's statement to the court that he "seeks no other relief from this court except transfer from the custody of [defendants]," Hakeem's other claims "are deemed withdrawn." *Id.* at 1212–13. The court then stated that even if those claims had not been withdrawn, it would abstain from deciding them under the principles announced in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Id.* at 1213. The court accordingly dismissed Hakeem's "claims for non-habeas corpus relief" to the extent they had not been abandoned.

At oral argument in this case, Hakeem's counsel reiterated that the claims for relief other than transfer of custody were withdrawn. Counsel noted, however, that Hakeem seeks transfer either to federal custody or to the custody of a State other than New York, even though his complaint mentioned only a transfer to MCC.

## II

■ A. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court enunciated the touchstone for determining whether habeas corpus (28 U.S.C. § 2254) or 42 U.S.C. § 1983 is the proper procedure for a prison-

er's suit. The Court stated that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. at 1841. On the other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody," *id.* at 499, 93 S.Ct. at 1841, *i.e.*, when he is "challeng[ing] the conditions of [his] confinement." *Id.* at 498, 93 S.Ct. at 1840.

Following *Preiser*, this court, speaking through Judge Friendly, stated that "[a] petition protesting against prison conditions, but not seeking release, equally clearly falls within the latter [42 U.S.C. § 1983]." *Williams v. Ward*, 556 F.2d 1143, 1150 (2d Cir.), *cert. dismissed*, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977).

Under these standards, Hakeem's complaint properly was laid under section 1983 because he challenges "the conditions of his confinement" and not "the very fact or duration of his physical imprisonment." Although the only relief Hakeem now seeks is a transfer out of the New York prison system, he seeks the transfer because of past, and to prevent future, alleged brutalities by prison guards and police officers. The gravamen of his complaint is the alleged brutalities committed in that system. He moves for transfer out of that system solely as the remedy for what he asserts has been the intolerable beatings inflicted upon him in the prison.

Hakeem is "seeking immediate release" from his present confinement only in the sense that he wishes to be confined elsewhere. He does not seek release from "confinement itself." 411 U.S. at 498, 93 S.Ct. at 1840-41. Indeed, even if he obtained the transfer out of the New York prison system he seeks, the "duration of his physical imprisonment" would not be changed. He would continue to serve the same sentence, but in a different place.

The fact that he seeks a termination of his confinement in the particular prison to rectify "the conditions of [his] confinement," does not make his suit one "seeking immediate release from" "the very fact or duration of his physical imprisonment," for which habeas is the proper remedy.

The dissent argues that because the result of Hakeem's federal suit, were it successful, would be to compel the warden at Rikers Island to cede custody of Hakeem, the relief Hakeem seeks is the immediate release from his imprisonment at Rikers Island, and that under *Preiser* that relief may be obtained only through habeas. The dissent states that the "proper focus" in determining whether the suit is for habeas or under section 1983 "is on the prison officials and the extent to which the district court, by granting relief, would be controlling their discretion," *i.e.*, "on the nature of the relief that would have been required of the prison officials had the prisoner's claim been successful."

We do not read either *Preiser* or the Supreme Court cases following it, or the court of appeals cases the dissent cites, as establishing that standard as the basis for determining whether a particular prisoner's suit is one for habeas. We think the language in *Preiser* means what it says—habeas is the required procedure only if the prisoner makes a constitutional challenge to "the very fact or duration of his physical imprisonment," and seeks "immediate release or a speedier release from that imprisonment." *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841. Hakeem does not challenge the fact or the duration of his physical confinement, or seek immediate or early release therefrom. His suit seeks only to change the conditions of his confinement, *i.e.*, its place. The relief he seeks—a change in the place, and therefore in the conditions, of confinement—is cognizable under section 1983.

B. After drawing the distinction noted above, the Supreme Court stated in *Preiser*:

This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner

is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.

411 U.S. at 499, 93 S.Ct. at 1841 (citations omitted).

This court applied that principle in *Boudin v. Thomas*, 732 F.2d 1107 (2d Cir.), *reh'g en banc denied*, 737 F.2d 261 (1984). That case was a government appeal from an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982), to a federal prisoner confined in the MCC, who had successfully challenged her "administrative detention" in that prison. The court held that "habeas is the appropriate action to challenge conditions of confinement where the prisoner seeks to be moved in order to remedy past constitutional violations." *Id.* at 1111.

*Preiser* did not state that habeas was the sole remedy for challenging "additional and unconstitutional restraints during [a prisoner's] lawful custody," but only that habeas may "also be available to challenge such prison conditions," 411 U.S. at 499, 93 S.Ct. at 1841, *i.e.*, as a remedy in addition to section 1983. Although *Boudin* described habeas as "the" appropriate action for the prisoner to use there, the prisoner there could not have resorted to section 1983, since as a federal prisoner the actions of the prison officials she challenged were not taken under color of State law. *See Boudin*, 732 F.2d at 1112 n. 2.

Thus, the statement in neither *Preiser* nor *Boudin* supports the district court's ruling that this is exclusively a habeas case.

### III

Both sides assert that an alternative ground of the district court's dismissal of the portion of the complaint seeking a transfer out of the New York City prison system was the court's application of the abstention doctrine. They vigorously contest the correctness of that alleged application of the doctrine.

As indicated in part I of this opinion, however, the sole ground upon which the district court based its dismissal of the transfer request was that habeas, and not section 1983, was the proper method for litigating that issue, and that habeas would not lie because Hakeem had not exhausted his State remedies. The court's abstention ruling was made as the ground for dismissing Hakeem's other claims, if Hakeem had not waived them.

The reasons the court gave for abstaining from deciding those claims also might be applicable to the transfer claim. Since, however, "the decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983), it would be inappropriate for us to consider whether the district court properly could abstain from deciding the section 1983 claim. Our reversal of the district court's decision dismissing this suit requires a remand to the district court to consider the section 1983 issue. On the remand, if it deems it appropriate, the district court may consider whether it should abstain from deciding the section 1983 claim.

The judgment of the district court is *reversed*, and the case is *remanded* to that court for further proceedings consistent with this opinion.

LUMBARD, Circuit Judge, dissenting:

Hakeem, a prisoner currently awaiting trial in Bronx County for homicide charges, petitioned the District Court for the Southern District of New York on May 9, 1989 to change the place of his confinement, alleging that brutal treatment by prison guards and New York City officials violated his constitutional rights.[1]

---

1. Although he continues to be in the custody of state authorities, Hakeem is no longer in City custody on Rikers Island, making his claim against the City officials apparently moot. However, the City urges us to entertain the case because Hakeem is under indictment in Bronx County for homicide and may soon be returned to City custody. I agree with the City—as, presumably, does the majority—that Hakeem's asserted injuries are "capable of repetition, yet

Hakeem's earlier applications in New York Supreme Court for a transfer of custody were denied after several hearings. Without taking an appeal or further pursuing his grievances in the New York courts, Hakeem came to the federal court. On August 30, 1989, Judge Mukasey dismissed his petition against the City defendants for failure to exhaust state remedies. Because I believe Hakeem's petition for removal from his present custody must be treated as a petition for a writ of habeas corpus, I would affirm the judgment of the district court.

The habeas statute, 28 U.S.C. § 2254(b), specifically directs that a habeas application "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." Neither condition has been satisfied. Hakeem's federal complaint concedes that he has not exhausted his remedies in the New York courts. Moreover, the state courts have been highly attentive to Hakeem's claims, as demonstrated, in part, by the repeated hearings before Justice Lowe of New York Supreme Court and the appointment of an independent social worker to monitor Hakeem's health and welfare. *See* 718 F.Supp. at 1212.

Nonetheless, the merits of Hakeem's contentions regarding the conditions of his custody have not yet been fully adjudicated in state court. If that court finds that a transfer of custody is warranted, either to another facility within New York State or to a facility of another state through a program of mutual prisoner exchange, it can order such relief. The majority holds that the federal court has discretion, in the form of the abstention doctrine, to allow the state court to decide the measure of Hakeem's relief in the first instance. I believe, in contrast, that such recourse is mandatory by virtue of the complaint's status as a habeas petition and the concomi-

tant interest in comity that undergirds the habeas statute.

## I.

Apparently my colleagues refuse to see Hakeem's petition for what it is—one for a writ of habeas corpus—because Hakeem chooses to call it something else. Of course, we must look to the substance of the petition, rather than to its label. Hakeem seeks from the federal court only a transfer of custody. As the majority notes, his counsel informed the district court, and again informed this court in oral argument, that all claims for other relief—such as an injunction against the prison guards and greater opportunities for medical examinations—have been withdrawn. Although the alleged underlying bases for Hakeem's claim are the constitutional violations of the City corrections officials, the relief he effectively demands of them is sufficiently similar to the restoration of good-time credits and to other forms of relief that speed up release that the claim is properly examined under the requirements of habeas corpus. The accelerated release can occur only after an initial determination that his prison conditions—the beatings and threats—create an unconstitutional wrong, but the cases teach that where a prisoner seeks release, regardless of the wrong underlying his asserted right thereto, he must proceed by a petition for a writ of habeas corpus.

The majority's analysis on whether section 1983 or habeas is appropriate has two components. First, noting that "[t]he gravamen of [Hakeem's] complaint is the alleged brutalities committed" by City prison officials, it reasons that the complaint falls within section 1983 because of the statement in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that challenges to the conditions of prison life may proceed under that statute. Second, it counters the *Preiser* language that prisoners "seeking immediate release" are bound

evading review," and that we may properly consider his appeal. *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348–49, 46 L.Ed.2d

350 (1975) (per curiam); *Rastelli v. Warden, Metro. Correctional Center*, 782 F.2d 17, 20 (2d Cir. 1986).

to the habeas statute by noting that "even if [Hakeem] obtained the transfer out of the New York prison system he seeks, the 'duration of his physical imprisonment' would not be changed." I disagree on both counts.

The majority relies, I believe, on a strained reading of *Preiser* that ignores both the facts of that case and subsequent interpretations by the Supreme Court and this court. The prisoners in *Preiser* challenged the prison officials' allegedly unconstitutional denial of their "good time" credits and sought reinstatement of the credits. The Court reasoned that because granting the requested relief would result in an immediate release from custody, the complaint should have been brought under the habeas statute, not section 1983. 411 U.S. at 487–88, 93 S.Ct. at 1835–36. It concluded—with language the majority quotes—that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, *and* the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. at 1841 (emphasis added).

The Supreme Court reiterated this formulation in later cases. The prisoners in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), sued under section 1983 for three forms of relief: restoration of "good time" credits, a change in the prison disciplinary procedure to conform to the requirements of due process, and damages for prior civil rights violations. The Court held that section 1983 was a proper vehicle for the second and third forms of relief but not for the first. The claim for restoration of the credits, which, as in *Preiser*, would have resulted in an earlier release date, was held to be subject to the exhaustion requirement of habeas corpus. Accordingly, the district court, pursuant to section 1983, could order any proper relief "short of ordering the actual restoration of good time already canceled." *Id.* at 555, 94 S.Ct. at 2974. *See also Gerstein v. Pugh*, 420 U.S. 103, 107 n. 6, 95 S.Ct. 854, 859 n. 6, 43 L.Ed.2d 54 (1975) ("Respondents did not ask for re-lease from state custody, even as an alternative remedy.... Because [of this], the lawsuit did not come within the class of cases for which habeas is the exclusive remedy."); *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974) (dictum that civil rights statutes are "inappropriate[ ]" for complaints "seeking relief from or modification of current, existing custody"). *Accord Viens v. Daniels*, 871 F.2d 1328, 1331 (7th Cir.1989) (*Preiser* establishes that "the distinguishing feature between a section 1983 action and a habeas petition [is] *the relief requested*.") (emphasis in original); *Monk v. Secretary of the Navy*, 793 F.2d 364, 367–68 (D.C.Cir.1986).

Thus, despite the general language in *Preiser* that challenges to conditions of confinement proceed under section 1983 and challenges to the legality of the detention proceed as habeas petitions, the determinative factor in choosing between section 1983 and habeas is the form of relief the prisoner requests, not the underlying wrong that would justify that relief. In *Preiser* and *Wolff*, the alleged wrong was not an unlawful conviction or incarceration. Rather, it was the disciplinary procedure that unconstitutionally deprived the prisoners of good-time credits, a benefit accorded them under state law that could not be denied without due process. So construed, their claims looked like challenges to the conditions of confinement, and a court, deciding the merits of their claims, first would have had to determine whether those conditions violated the due process guarantee. But because the prison officials would have been required to release the prisoner if those claims were successful, the Court deemed habeas the exclusive remedy. The *Preiser* Court stated, for example, that because the expected relief was "immediate release from physical custody," a district court should view the allegation that good time credits were unconstitutionally deprived as an allegation that continued confinement is illegal, thus placing the claim "squarely within the traditional scope of habeas corpus." 411 U.S. at 487, 93 S.Ct. at 1835.

We held similarly in *Mack v. Varelas*, 835 F.2d 995, 998 (2d Cir.1987), where we stated that "a civil rights action for damages, *insofar as it does not also seek to void or shorten the term of imprisonment,* is not a challenge that should be made by means of a habeas petition" (emphasis added). Our analysis in *Mack* turned on the nature of the relief that would have been required of the prison officials had the prisoner's claim been successful. That prisoner sought damages for his unlawful incarceration, so a successful appeal of his conviction in state court would not have rendered his section 1983 claim moot because the appeal could not have provided any monetary relief. Principally for this reason, we did not require that he exhaust those state procedures before seeking damages in federal court. In contrast, if the prisoner had sought relief requiring immediate or earlier release, habeas—and the consequent exhaustion requirement—would have been the sole remedy.

*Mack* represents the other side of *Preiser* and *Wolff.* The prisoner sought damages for illegal incarceration, but, in order to recover, he first had to establish that illegality on the merits. Although such a challenge looks like a habeas petition—a challenge to the very lawfulness of the confinement—section 1983 was the proper remedy because the relief requested was damages, relief that habeas does not provide. We also reached this result in *Boudin v. Thomas,* 732 F.2d 1107 (2d Cir.1984). The question there was whether a suit by a federal prisoner challenging her condition of solitary confinement and seeking a return to the general prison population was, for the purposes of the Equal Access to Justice Act, a "civil" action—that is, a habeas petition. In holding that it was, we stated:

> We cannot rely ... on the labels attached to the claim. Rather, we look to the substance of the remedy [the prisoner] sought. In this case, Boudin sought to

be physically moved in order to remedy past constitutional violations. This is in substance a petition for a writ of habeas corpus.

*Id.* at 1111 (citations omitted). We so held—despite the fact that the prisoner's claim was rooted in a challenge to the conditions of her confinement—because she sought relief from her present custody in the form of a release from solitary confinement. We noted, in conclusion, that "habeas is the appropriate action to challenge conditions of confinement where the prisoner seeks to be moved in order to remedy past constitutional violations." *Id.* (citations omitted).

Additionally, our earlier decisions reinforce the conclusion that the form of requested relief is determinative, *see Williams v. Ward,* 556 F.2d 1143, 1150 (2d Cir.) (Friendly, J.) (petition challenging parole procedures, "but not demanding release or the granting of parole," may proceed under section 1983 instead of habeas because the question of release remains within prison officials' discretion), *cert. dismissed,* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977); *Taylor v. Kavanagh,* 640 F.2d 450, 451 (2d Cir.1981) ("when a state prisoner is challenging his imprisonment in state facilities, his sole federal remedy is a writ of habeas corpus"); *Haymes v. Regan,* 525 F.2d 540, 542 (2d Cir.1975) (claim is not a habeas petition because "it is the manner of parole decision-making, not its outcome, that is challenged"), as do the decisions of other courts, *see Viens v. Daniels,* 871 F.2d 1328, 1334 (7th Cir.1989) (case could proceed under section 1983 because prisoners did not seek reinstatement of good time credits); *Offet v. Solem,* 823 F.2d 1256, 1259 (8th Cir.1987) (where "indirect effect" of successful section 1983 action would be shortening of sentence, claim must be brought as habeas petition); *Young v. Kenny,* 887 F.2d 237, 238–39 (9th Cir.1989) (citing cases). The majority fails to address this long line of authority.[2]

**2.** The majority discusses *Williams,* yet the portion it cites weakens, rather than strengthens, its analysis. The cited passage purportedly states

that challenges to prison conditions "clearly fall[ ]" under section 1983. The majority glosses over the essential qualification contained in the

Recognizing that "the touchstone" for choosing between habeas and section 1983 is the relief required of prison officials, the majority reasons, in the second component of the its analysis, that Hakeem's complaint seeks not to end his custody but only to have it changed from one jurisdiction to another.

This reasoning ignores the plain fact that the City officials—the only defendants over whom this court has jurisdiction in this case—would be required to cede custody of Hakeem if the district court granted his requested transfer. Whoever takes over custody, the City officials now holding him would surrender him; their authority over and responsibility for him would end, and he would be out of their hands. The fundamental flaw in the majority's analysis is its focus solely on Hakeem himself and the fact that his status would, in essential respects, remain unchanged if the court granted him relief: He would be housed in a different facility but still be behind bars. The proper focus, however, is on the prison officials and the extent to which the district court, by granting relief, would be controlling their discretion.

On the other hand, a successful section 1983 case allows the timing of the prisoner's release to remain in the officials' discretion; a successful habeas petition forces their hand and commands an immediate or earlier release. *See Williams,* 556 F.2d at 1150. With respect to those defendants, therefore, Hakeem seeks nothing less than release from "confinement itself," *Preiser,* 411 U.S. at 498, 93 S.Ct. at 1840–41.

Indeed, this court in *Boudin* employed a habeas analysis to decide the claim of a prisoner who asked far less of prison officials than Hakeem seeks from these defendants. That prisoner sought merely a transfer out of solitary confinement into the general prison population in the same prison. As noted, we concluded that habeas was appropriate—even though the challenge was to the "conditions of confinement," 732 F.2d at 1111—because "the prisoner [sought] to be moved to remedy past constitutional violations," *id.* Hakeem, in contrast to Boudin, seeks an end to *any* confinement by the City authorities who now hold him.[3]

II.

Hakeem concededly has not exhausted his state remedies, as habeas petitioners must, 28 U.S.C. § 2254(b). Further, the "circumstances" of his case do not warrant ignoring the exhaustion requirement. *See id.; cf. Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *Sanders v. Sullivan,* 863 F.2d 218, 220–22 (2d Cir.1988). The state courts are clearly in a better position to review the scope of appropriate relief to which Hakeem is entitled. The state court may well decide to transfer him to another place of detention, under the control of some other authority, until the homicide charges still pending against him have been adjudicated. By affirming the dismissal of the writ for failure to exhaust state remedies, we would leave it to the state courts to pass on the merits of Hakeem's claims and grant what-

very passage it quotes: "A petition protesting against prison conditions, *but not seeking release,* equally clearly falls within [section 1983]," 556 F.2d at 1150 (emphasis added). Hakeem, of course, *does* "seek[ ] release," and for precisely that reason, his claim cannot be considered under section 1983.

**3.** The majority dismisses *Boudin* too readily, noting only that because the prisoner was in federal custody, section 1983 was not a plausible alternative to habeas because "the actions of the prison officials she challenged were not taken under color of State law." As we expressly recognized in *Boudin,* however, the fact of federal as opposed to state custody simply *meant that the choice of remedies was not between section 1983 and state habeas under 28

U.S.C. § 2254, but between an action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the federal counterpart to section 1983, and federal habeas under 28 U.S.C. § 2241. 732 F.2d at 1111. As such, we expressed no view as to whether the exhaustion requirement in state habeas petitions would have altered our holding that the claim was properly a habeas petition. Although *Boudin* is not squarely in factual accord with the instant case, I believe its reasoning is applicable and that, if anything, there is even firmer ground here for requiring that the prisoner resort to a habeas petition because the relief is a greater imposition on the City officials' discretion.

ever relief may be appropriate. The state courts are better able to determine the proper place for the detention of a defendant awaiting trial for homicide.

Accordingly, I would affirm the judgment of the district court.