896 F.Supp. 32 (1995)
Damien CONNALLY, Petitioner,
v.
Janet RENO, Attorney General of the United States, and Kathleen Hawk, Director, Federal Bureau of Prisons, Respondents.
Civ. A. No. 95-1314 (CRR).
United States District Court, District of Columbia.
August 31, 1995.
*33 Damien Connally, Bradford, PA, pro se.
John Michael Facciola, U.S. Attorney's Office, Washington, DC, for Janet Reno, Kathleen M. Hawk, Director Bureau of Prison.

MEMORANDUM OPINION
CHARLES R. RICHEY, District Judge.
Before the Court in the above-captioned case is the petitioner's Petition for a Writ of Habeas Corpus, the respondent's Response to the Court's July 19, 1995 Order to Show Cause, and the petitioner's Opposition thereto. Because the Court is unable to exercise jurisdiction over the petitioner's custodian, the Court shall transfer the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1631.

I. BACKGROUND
The petitioner, a Canadian citizen currently incarcerated at the FCI McKean in Bradford, Pennsylvania, claims that the failure of the respondents to transfer him to a Canadian prison violates the Treaty between Canada and the United States of America on the Execution of Penal Sentences, the Convention on the Transfer of Sentenced Prisoners, and the Administrative Procedures Act. More specifically, the petitioner claims that the Department of Justice has unlawfully delegated its authority to promulgate regulations governing the implementation of the above-mentioned Treaties to the Bureau of Prisons Office of Enforcement Operations, Criminal Division, and that the latter has "designed [a] system to defeat the law and circumvent the Treaties and Title 18, Chapter 306, ... in violation of [the Fifth Amendment]." Complaint ¶ 66. The petitioner further claims that the United States Attorney General has "codified contradictory and inconsistent rules and regulations" by which the petitioner's request to be transferred to Canada was wrongfully denied. Id. ¶ 68.

II. DISCUSSION
The Government argues in its Response to the Court's Show Cause Order that the petitioner's claims must be construed as a petition for a writ of habeas corpus, that the petitioner's custodian for habeas purposes is the warden of the FCI McKean, and that, because the Court is unable to exercise jurisdiction over the petitioner's warden, transfer to the United States District Court for the Middle District of Pennsylvania is warranted. The Court agrees. At bottom, the petitioner is challenging the lawfulness of his continued custody by United States officials, not merely the conditions thereof. The petitioner's claims fall within the exclusive province of habeas corpus and must therefore be brought in the jurisdiction encompassing the place of his confinement.
Title 28, Chapter 153 provides that the writ of habeas corpus extends to prisoners "in custody in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. § 2241(c)(3). "The defining purpose of a petition for a writ of habeas corpus is to `safeguard the individual against unlawful custody' by `test[ing] the lawfulness of the government's asserted right to detain an individual.'" Woodson v. Attorney General, 990 F.2d 1344, 1347 (D.C.Cir.1993) (citing Chatman-Bey v. Thornburgh, 864 F.2d 804, 806, 809 (D.C.Cir.1988) (en banc)).
*34 Ordinarily, "the writ of habeas corpus is used to completely free an inmate from unlawful custody." Falcon v. United States Bureau of Prisons, 52 F.3d 137, 138 (7th Cir.1995) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-85, 93 S.Ct. 1827, 1833-34, 36 L.Ed.2d 439 (1973)). Courts have also, in certain circumstances, extended the writ to include claims by which a prisoner seeks, not earlier or immediate freedom, but a less restrictive form of custody. See, e.g., Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (Claims of entitlement to probation, bond, or parole are properly brought via habeas corpus); Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (same); Chatman-Bey, 864 F.2d at 808-09 (same). However, where a prisoner has sought merely to change the locus of his or her confinement, courts have generally held that the appropriate remedy is under civil rights law. See, e.g., Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991) (habeas corpus petitioner's challenge to rule denying him eligibility for work release should have been brought as civil rights suit; challenge to work release was more akin to civil rights action seeking different program, location, or environment than to habeas corpus action seeking quantum change in level of custody); Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (Prisoner's claim seeking transfer out of city jail system into state or federal system because of alleged brutality by prison guards was cognizable under 42 U.S.C. § 1983, rather than habeas corpus, where prisoner was only seeking to change the place of his confinement not the fact or duration thereof).
The availability of the writ to garner a transfer to a foreign prison appears to be a matter of first impression. See Velez v. Nelson, 475 F.Supp. 865, 867 n. 2 (D.Conn.1979) (declining to address arguments regarding the scope of habeas corpus review under the American-Mexican Treaty on the Execution of Penal Sentences). The petitioner argues that, even if he prevails, he will remain incarcerated, albeit in a Canadian prison, and that he cannot therefore be said to be challenging the fact of his confinement. As noted, the respondent maintains that the petitioner is challenging the legality of his continued confinement by the United States and that habeas corpus accordingly provides the sole avenue of relief.
In Boudin v. Thomas, 732 F.2d 1107 (2d Cir.1984), the question was whether a suit by a federal prisoner challenging her condition of solitary confinement and seeking a return to the general prison population was, for the purposes of the Equal Access to Justice Act, a "civil" action  that is, a habeas petition. In holding that it was, the Second Circuit stated:
We cannot rely ... on the labels attached to the claim. Rather, we look to the substance of the remedy [the prisoner] sought. In this case, [the prisoner] sought to be physically moved in order to remedy past constitutional violations. This is in substance a petition for a writ of habeas corpus.
Id. at 1111 (citations omitted). The Court "so held  despite the fact that the prisoner's claim was rooted in a challenge to the conditions of her confinement  because she sought release from her present custody in the form of a release from solitary confinement." Abdul-Hakeem, 910 F.2d at 73 (Lumbard, J., dissenting).
Similarly, in McCollum v. Miller, 695 F.2d 1044 (7th Cir.1983) the Seventh Circuit held that habeas corpus was the avenue of relief available to a prisoner seeking release from disciplinary segregation and placement in the regular prison environment, notwithstanding that the length of his prison term was unaffected and that he remained in custody. Id. at 1046.
The instant case presents a situation not unlike those encountered in Boudin and McCollum. The petitioner seeks a transfer to a Canadian prison on the grounds that his current incarceration in a United States prison violates two treaties to which the United States is a signatory, the Due Process Clause, and the Administrative Procedures Act. Should the petitioner prevail on the merits and the Court direct that the petitioner be transferred to a Canadian prison, the warden of FCI McKean would be required to cede custody of the petitioner. While the custody of the petitioner would be ceded to *35 Canadian officials and the defendant would remain in confinement, his sentence unchanged, with respect to the United States, the petitioner seeks nothing less than release from "confinement itself." Preiser, 411 U.S. at 498, 93 S.Ct. at 1840. This places the petitioner's claims squarely within the province of habeas corpus.
It is well settled that "[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner." Guerra v. Meese, 786 F.2d 414, 415 (D.C.Cir.1986) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (1973)). Title 28 U.S.C. § 2242 provides that an application for a writ of habeas corpus shall "name ... the person who has custody over" the petitioner. 28 U.S.C.A. § 2241. The warden of the federal penal facility is generally the prisoner's custodian for the purposes of a habeas corpus action. See Ex parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944) (writ is directed to prisoner's "jailer"). "This is because the custodian is the person having day-to-day control over the prisoner." Ledher v. Thornburgh, 733 F.Supp. 454, 454-55 (D.D.C.1990).
In this case, the petitioner has not brought suit against his custodian, the warden of the FCI McKean. Rather, he brought this action against the Attorney General for the United States and the Director of the Bureau of Prisons. This Circuit has specifically rejected the argument that the Attorney General of the United States is the custodian of federal prisoners. See Guerra v. Meese, 786 F.2d at 416; Sanders v. Bennett, 148 F.2d 19, 20 (D.C.Cir.1945). Thus, the appropriate respondent in this case is not the United States Attorney General or the Director of the Bureau of Prisons but rather the petitioner's warden. Because the petitioner does not indicate any basis by which the Court could exercise jurisdiction over his warden, the Court shall accordingly transfer the instant case to a court that may do so.

III. CONCLUSION
Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall enter and Order of even-date herewith consistent with the foregoing Memorandum Opinion transferring the instant case to the United States District Court for the Middle District of Pennsylvania.

ORDER
In accordance with the Court's Memorandum Opinion filed on this date, and for the reasons stated therein, it is, by the Court, this 30th day of August, 1995,
ORDERED that this matter hereby is transferred to the United States District Court for the Middle District of Pennsylvania; and it is
FURTHER ORDERED that the Clerk of the Court shall transmit the docket and file in this case, along with a copy of this Order, to the United States District Court for the Middle District of Pennsylvania; and it is
FURTHER ORDERED that this case shall be and hereby is DISMISSED from the dockets of this Court.