**Joseph B. SIMPSON, Petitioner,**

**v.**

**John ASHCROFT et al., Respondents.**

**No. CIV.A. 02–2269(RMU).**

United States District Court, District of Columbia.

April 26, 2004.

John P. Simpson, Pro Se.

Daniel M. Cisin, U.S. Attorney's Office, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

URBINA, District Judge.

TRANSFERRING THE ACTION TO THE DISTRICT OF NEW JERSEY

### I. INTRODUCTION

*Pro se* petitioner Joseph Simpson is an alien currently in federal custody in Oak-

dale, Louisiana. He has filed a petition for a writ of habeas corpus under 28 U.S.C § 2241, naming as respondents the Attorney General, the Commissioner of the Immigration and Naturalization Services ("INS"), an INS regional director, and the INS (collectively, "the respondents"),[1] who in turn move to dismiss the petition for lack of personal jurisdiction, lack of subject-matter jurisdiction, and failure to state a claim. Because the court lacks personal jurisdiction over the petitioner's custodian, the court transfers the action to the District of New Jersey, the place of the petitioner's incarceration at the time he filed the instant petition.

## II. BACKGROUND

The petitioner is a Jamaican citizen who entered the United States illegally in 1986. Pet. at 2. He subsequently married an American citizen and had five children with her. *Id.* at 2 & Exs. F, H–L. At some point after his illegal entry, the petitioner was convicted of an aggravated felony and sentenced to a term of imprisonment of 30 months.[2] *Id.* at 3; Resp'ts' Mot. to Dismiss ("Mot.") at 2. As a result, the petitioner faces deportation. Pet. at 3.

The petitioner began serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey. *Id.* at 11; Mot. at 1 n. 1. While incarcerated in New Jersey, the petitioner filed the instant petition in the United States District Court for the Eastern District of New York, asserting that denying certain types of relief under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, "to long-time lawful, permanent residents who are technically aggravated felons under the new current definition of this term violates the equal protection clause" and international law. Pet. at 10. He seeks relief in the form of a hearing, asylum, and withholding of deportation pursuant to INA sections 212(c), 208, and 212(h), respectively. *Id.* at 3 (referring to 8 U.S.C. §§ 1158, 1182(c), (h)).[3]

Subsequently, the petitioner was transferred to the Federal Correctional Complex in Oakdale, Louisiana. Mot. at 1. While the petitioner was in custody in Louisiana, an immigration judge in a separate proceeding denied the petitioner's application for deferral of removal and ordered the petitioner removed to the United Kingdom or Jamaica. *Id.* at 2–3 & Ex. 1; Pet. at 3.

---

**1.** On March 1, 2003, the INS was folded into the new Department of Homeland Security. Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (2002). For convenience, however, the court continues to refer to the agency as the INS.

**2.** The record does not indicate the offense with which the petitioner was charged, or where the petitioner was convicted and sentenced. The record also does not indicate whether the petitioner remains in custody. A petitioner's release, however, "does not mean that he no longer is in 'custody' such that the Court is deprived of § 2241 jurisdiction," as long as he is subject to an order of deportation. *Lee v. Reno,* 15 F.Supp.2d 26, 43 n. 25 (D.D.C.1998) (citing *Mojica v. Reno,* 970 F.Supp. 130 (E.D.N.Y.1997)).

**3.** As the petitioner notes, Congress repealed section 212(c) of the INA in 1996. Pet. at 6; *see* 8 U.S.C. § 1182(c). The Supreme Court later held, however, that section 212(c) relief "remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Immigration & Naturalization Serv. v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). The petitioner freely admits that he does not qualify for section 212(c) relief "because his plea came after the 1996 Acts" repealing section 212(c). Pet. at 10.

After the petitioner filed the instant petition, but before the immigration judge denied his deferral-of-removal application, the Eastern District of New York transferred the petition to this court. Order dated Oct. 23, 2002. Subsequently, the respondents filed a motion to dismiss the petition for lack of personal jurisdiction, lack of subject-matter jurisdiction, and failure to state a claim. Mot. at 1 n. 1, 3–6. The court now turns to the respondents' motion.

## III. ANALYSIS

### A. Legal Standard for Relief Under 28 U.S.C. § 2241

■ Prisoners may attack the manner of execution of a federal sentence pursuant to the federal habeas statute, 28 U.S.C. § 2241. *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C.Cir.1988); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991) (citing *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir.1987)). "[T]he law in this circuit is clear that '[a] district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner.'" *Chatman–Bey*, 864 F.2d at 810 (citing *Guerra v. Meese*, 786 F.2d 414, 415 (D.C.Cir.1986)). The custodian of the prisoner is the warden of the facility in which the prisoner is held. *Id.* at 811. If a prisoner is transferred during the course of the litigation, "habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed." *Blair–Bey v. Quick*, 151 F.3d 1036, 1039 n. 1 (D.C.Cir.1998) (quoting *Id.* at 806 n. 1); *see also Bishop v. Bureau of Prisons*, 2000 WL 1582713, at *1 (D.C.Cir.2000) (per cu-

riam) (stating that "jurisdiction lies in the district where the prisoner was incarcerated at the time the [habeas] petition was filed, even though the events giving rise to the petition occurred at a different facility").

### B. The Court Lacks Personal Jurisdiction Over the Petitioner's Custodian

■ As noted, the petitioner lists as respondents the Attorney General, the INS Commissioner, an INS regional director, and the INS. Pet. at 1. The government contends that this court lacks personal jurisdiction over these respondents. Mot. at 1 n. 1. The court agrees. The D.C. Circuit has squarely rejected the theory that the Attorney General "could be considered the custodian of every prisoner in federal custody simply because he supervises the Bureau of Prisons." *Guerra*, 786 F.2d at 416; *see also Chatman–Bey*, 864 F.2d at 811 (stating that "it should be abundantly clear that habeas petitioners . . . cannot properly bring suit against such officials as the Attorney General"); *Rafeedie v. Immigration & Naturalization Serv.*, 880 F.2d 506, 545 n. 16 (D.C.Cir.1989) (Silberman, J., dissenting) (noting that the Attorney General is not the custodian for an alien filing a habeas petition); *Connally v. Reno*, 896 F.Supp. 32, 35 (D.D.C.1995) (finding that the Attorney General was not the custodian of an incarcerated alien).

■ Accordingly, the court concludes that it lacks personal jurisdiction over the petitioner's custodian, who in this case is the warden of the Fort Dix, New Jersey federal facility where the petitioner was incarcerated at the time he filed his petition.[4] *Blair–Bey*, 151 F.3d at 1039 (con-

---

4. It is "perfectly proper for a court to resolve personal jurisdiction . . . without having first determined subject matter jurisdiction." *Gal-*

*van v. Fed. Prison Indus., Inc.*, 199 F.3d 461, 463 (D.C.Cir.1999) (citing *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct.

cluding that the custodian of a prisoner transferred from a D.C. prison to an Ohio prison was the D.C. warden because the prisoner had filed his habeas petition while incarcerated in at the D.C. prison). In the interest of justice, the court therefore transfers this action to the District of New Jersey. 28 U.S.C. § 1631; *Connally*, 896 F.Supp. at 33, 35 (transferring a habeas petition under 28 U.S.C. § 1631 to a district court having jurisdiction over the petitioner's warden).

## IV. CONCLUSION

For the foregoing reasons, the court transfers the action to the District of New Jersey. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 26th day of April, 2004.

1563, 143 L.Ed.2d 760 (1999)); *see also Campbell v. Clinton*, 203 F.3d 19, 28 (D.C.Cir. 2000) (Randolph, J., concurring) (noting that "[w]hile we may be required to decide juris-dictional issues before disposing of a case on the merits, we are not required to decide jurisdictional questions in any particular order").