Riccardo BURGOS, Plaintiff,

v.

Richard KOEHLER, Commissioner, New York City Department of Corrections; Eric Taylor, Warden, Rikers Island, a Facility of the Aforesaid Department; John Gnat, Warden, Bronx House of Detention, a facility of the Aforesaid Department; Captain Grillo and "John Does" 1–20 being officers at the Aforesaid Facility; J. Michael Quinlan, Director, United States Bureau of Prisons; George Wigen, Warden Metropolitan Correctional Center, a Facility of the Aforesaid Bureau, Defendants.

No. 89 Civ. 4666 (MBM).

United States District Court, S.D. New York.

Jan. 3, 1990.

Harry Kresky, New York City, for plaintiff.

Robert Daly, Gen. Counsel, New York City Dept. of Correction (Joseph Guarino, of counsel), New York City, for defendants other than Quinlan and Wigen.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Riccardo Burgos is a New York State prisoner serving a sentence for robbery, of which he was convicted on his plea of guilty, and awaiting trial on three additional indictments in New York State Supreme Court, Bronx County, for murder, attempted murder and robbery. On July 10, 1989, he sued simultaneously here and in Supreme Court, Bronx County claiming that his life was being threatened and that he was otherwise being punished in violation of the Eighth Amendment while in state custody. He sues in this court under 42 U.S.C. § 1983 (1982), which provides legal and equitable redress to those whose federally guaranteed rights are denied un-

der color of state law. His state action is a habeas corpus proceeding in which he seeks redress for the same conduct alleged to give rise to his claim in this court. Plaintiff has sought in this court both an injunction against the state defendants to cease their allegedly abusive conduct, and transfer to federal custody.

Plaintiff's claim against the Director of the U.S. Bureau of Prisons and the warden of the Metropolitan Correctional Center (the "federal defendants"), and perforce his demand for transfer to federal custody, was dismissed for lack of subject matter jurisdiction in an opinion and order dated August 25, 1989. In essence, the basis for that holding was that insofar as Burgos was demanding transfer into federal custody he was seeking relief in the nature of habeas corpus without exhausting state court remedies and against defendants who did not have custody of him.

The remaining defendants, all associated with the state prison system, now move to dismiss this action for failure to exhaust state remedies, or to stay the action in the court's discretion as informed by *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) or *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and their progeny. For the reasons set forth below, the motion to dismiss is denied and the motion to stay is granted.

### I.

Burgos pleads that he is a close friend of Adam Abdul Hakeem (Complaint ¶ 7), who was convicted under the name Larry Davis of weapons charges in the Bronx and who has pursued a similar albeit not identical course of litigation in a case related to this. Hakeem's claims against both federal and state defendants were dismissed in their entirety. *Hakeem v. Koehler*, 718 F.Supp. 1211 (S.D.N.Y.1989); *Hakeem v. Koehler*, No. 89 Civ. 3142, 1989 WL 85173 (S.D.N.Y July 21, 1989). Plaintiff claims that he is innocent not only of the charges facing him but also of those to which he pleaded guilty, and that he and Hakeem have been the victims of a campaign to harass and

intimidate them in retaliation for exposing a police-sponsored drug ring into which both were allegedly recruited. (Complaint ¶¶ 13–14) He asserts that he has been threatened and attacked while in the custody of the state defendants, most seriously by a knife wielding inmate referred to in plaintiff's papers only by the sobriquet "Hound Dog" (subsequently identified as Jose Medina) who allegedly acted with official approval, that this attack by "Hound Dog" was followed immediately with an attack by guards, and that Hakeem was contemporaneously attacked by guards at Rikers Island. (Complaint ¶¶ 16–18) Plaintiff states that he has been denied medical attention for the injuries suffered in this attack, and for a broken nose suffered during a basketball game. The plain albeit unstated implication in the complaint is that these alleged attacks and denial of proper care were officially sponsored and coordinated, and plaintiff alleges that he cannot be housed safely in any State or City institution. (Complaint ¶ 22)[1]

## II.

■ Defendants' motion to dismiss for failure to exhaust state remedies reasons

that the complaint should really be read as a petition for habeas corpus relief because it alleges Burgos is innocent of all charges against him, including those to which he pleaded guilty, and because his allegations of a conspiracy to retaliate against him, insofar as it may have resulted in a malicious prosecution, should also be addressed in a habeas corpus proceeding; both varieties of claims would challenge defendants' continued custody of Burgos. Defendants simply misread the relief Burgos is asking and the major thrust of the complaint. Burgos has not demanded that he be released from custody. Although he asserts, among other things, that he is innocent, what he says he wishes to do is to stop alleged mistreatment, not to secure his release. This he may do in an action under § 1983 without first seeking relief in state court. *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Moreover, although Burgos seasons his complaint with claims of innocence, most of the complaint is devoted to an attack on his treatment while in jail.[2] Although a court certainly should be alert to the possibility that a prisoner will use artful pleading to get around the exhaustion requirements of

1. Although at this stage of the case there is no occasion to consider the accuracy of plaintiff's claims, it bears mention that defendants have submitted excerpts from plaintiff's record in the two years he has spent in custody. They include 15 separate infractions, 14 of which involved violence and 11 of which included the use of razor blades or other sharp objects. (Axelrod Aff. 8/24/89 ¶¶ 10–11, Exhs. A, B, E, F) The encounter with "Hound Dog," identified as inmate Jose Medina, is portrayed in this record as an altercation between two groups of inmates, both armed with sharp objects, in which Medina was stabbed seriously and plaintiff was one of those armed. (*Id.* Exh. B) Plaintiff's allegations that he was denied medical care were answered by medical records reflecting that in the 14 months preceding this action plaintiff was seen more than 40 times by medical and dental aides. (*Id.* Exh. H–L)

2. Defendants suggest also that the complaint may more comfortably be read as a habeas corpus petition because it is inadequate in alleging a violation of § 1983 for failure to state a claim against any of the four named City defendants. According to defendants, the purported inadequacy of the complaint is its failure to allege that any of the four named defendants

was pursuing an official policy aimed at Burgos, was personally involved in wrongdoing, or was aware of the unconstitutional activities of those he supervised. *Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). However, taking as true not only the factual allegations in the complaint but also the reasonable inferences that flow from them, *Frazier v. Coughlin*, 850 F.2d 129 (2d Cir.1988), however unlikely those allegations may appear, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), it seems reasonable to conclude that plaintiff is alleging that all state defendants, including the Commissioner of the City's Department of Corrections and the Wardens of the Bronx and Rikers Island detention facilities, have participated with knowledge in the hypothesized campaign against plaintiff and Hakeem, although this allegation does not appear explicitly in the complaint. This conclusion follows from the scope of the claims plaintiff asserts, including trumped-up charges and official hostility against him, coupled with an officially sanctioned and coordinated attack on him and another prisoner in a separate facility, denial of medical attention, and plaintiff's stated belief that he cannot be safely housed in any City or State correctional facility.

a habeas corpus petition, and therefore should avoid automatically deciding the nature of a petition based solely on the relief requested, *Offet v. Solem*, 823 F.2d 1256, 1258 (8th Cir.1987), Burgos' claims of innocence here may be regarded either as surplusage or as an attempt to suggest the enormity of the alleged conspiracy against him. It would not be necessary for a fact finder to decide whether or not Burgos was innocent in order to grant him the relief he seeks. In these circumstances, one must take Burgos at his word that he is seeking relief from mistreatment while in jail and not release from confinement. Because Burgos may obtain such relief under § 1983, and that section does not impose any exhaustion requirement, defendants' motion to dismiss this action for failure to exhaust state remedies must be denied.

### III.

■ Defendants have moved also for a stay because Burgos' action in the courts of the State of New York raises exceptional circumstances such that, "in deference to parallel state court proceedings, the court may decline to exercise jurisdiction over a properly presented federal claim in order to further the interests of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *American Disposal Servs., Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir.1988) (citing *Colorado River Water Conservation Dist.*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Corp.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952))).

Although the result is not entirely free from doubt, the six factors commonly analyzed in deciding whether or not to exercise jurisdiction, *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16, 103 S.Ct. 927, 936–37, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation Dist.*, 424 U.S. at 818–19, 96 S.Ct. at 936–37, appear to favor exercise of federal jurisdiction, absent any consideration of the subject of the state proceeding, which is more properly evaluated under *Younger v. Harris, supra:* (1) There is no *res* or property over which either court has assumed jurisdiction. (2) The two courts are equally accessible. (3) The avoidance of piecemeal litigation is another element to be considered, but either action, once decided, will dispose of Burgos' claims because he would presumably be barred by *res judicata*, as would defendants, once a decision was reached. *Wolff v. McDonnell*, 418 U.S. 539, 554 n. 12, 94 S.Ct. 2963, 2974 n. 12, 41 L.Ed.2d 935 (1974). (4) The order in which jurisdiction was obtained ordinarily is relevant, but in this case the state and federal actions were begun on the same day. That the state court action has proceeded somewhat further than this action is not a major factor favoring abstention. *Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir.1988). So far, the *Cone/Colorado River* factors neither favor nor oppose abstention. (5) The fifth factor is whether federal or state law provides the rule of decision. As determined above, Burgos' claims in this court are properly considered under 42 U.S.C. § 1983 and allege denial of rights secured by the federal Constitution. His state habeas corpus action, although it would engage any relevant state constitutional standards, would also be governed by federal constitutional standards. Because federal law properly provides the rule of decision, this factor strongly favors exercise of federal jurisdiction. As the Court wrote in *Cone*, "the presence of federal-law issues must always be a major consideration weighing against surrender [of federal jurisdiction]." 460 U.S. at 26, 103 S.Ct. at 942. (6) The final matter to be considered is whether the state court proceeding will protect Burgos' federal constitutional rights. There is every reason to believe it will, and this factor would favor abstention, albeit mildly.

Nor is there present here to the same degree as in *American Disposal Servs., Inc., supra*, and *Hakeem, supra*, where litigants received adverse preliminary rulings in state court and only then commenced federal actions, the danger that exercising federal jurisdiction will reward and thereby encourage manipulation of judicial proceedings and forum shopping.

This is only a difference of degree, however, because it is difficult to conceive of any legitimate reason for undertaking simultaneous and identically based actions in state and federal court, and the potential for abuse in orchestrating proceedings in the two actions is obvious. Nonetheless, because federal law provides the rule for decision in this case, a weighing of the relevant factors shows that whatever special circumstances may be present here, they are not quite sufficient to warrant *Colorado River* abstention.

## IV.

■ The abstention doctrine of *Younger v. Harris*, however, yields a different result. A three-pronged test must be applied to determine whether *Younger* abstention is proper: "(1) whether there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the federal plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding." *Christ the King Regional High School v. Culvert*, 815 F.2d 219, 223 (2d Cir.), *cert. denied*, 484 U.S. 830, 108 S.Ct. 102, 98 L.Ed.2d 63 (1987); *see Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). The first and third prongs of the test are straightforward and easily resolved. Quite obviously, there is an ongoing state proceeding. Burgos himself started it, and proceedings were underway even at the time when this court was clearing away the underbrush of claims against the federal defendants. Hearings have been held, and the state court is not alleged to have shown itself in any way unwilling to proceed to decision. It is also apparent that the state proceedings afford Burgos at least an adequate opportunity for judicial review of his constitutional claims. As noted above, Burgos' state habeas corpus action, alleging denial of constitutional rights, must be governed by the federal Constitution, which state court judges are fully competent to apply; indeed, they are bound by it under Article VI. *Wallace v. Kern*, 520 F.2d 400, 404 (2d Cir.1975), *cert. denied*,

424 U.S. 912, 96 S.Ct. 1109, 47 L.Ed.2d 316 (1976).

The first and third prongs of the *Younger* test having been met, it remains only to consider whether the state court action engages an important enough state interest to warrant abstention by a federal court. The Supreme Court has held that this issue must be resolved in favor of abstention in a civil case, "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987). It is this prong of the *Younger* test that usually poses the most difficulty, and this case is no exception. *See, Pennzoil; Schall v. Joyce*, 885 F.2d 101, 107 (3rd Cir.1989). But Supreme Court precedent offers ample guidance.

Although *Younger* itself involved an attempt to enjoin a state criminal proceeding, subsequent Supreme Court cases have made it plain that the comity considerations underlying *Younger* apply as well to civil proceedings, and the list of state interests held sufficient to warrant abstention has been varied. *Pennzoil Co. v. Texaco, Inc.*, *supra* (enforcement of state bond and lien provisions); *Ohio Civil Rights Comm'n. v. Dayton Christian Schools*, 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (preventing employment discrimination); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, *supra* (attorney discipline); *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (child custody); *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (welfare payments); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (exercise of contempt power); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (nuisance statute used to control obscenity). Moreover, *Pennzoil* made it clear that if the state interest is sufficient, *Younger* abstention is appropriate even if the state did not initiate the proceeding. The State of Texas, whose

bond and lien requirements were at issue, was not even a party to *Pennzoil*.

In the case at hand, the interest at issue is the state's interest in the operation of its prisons and the treatment of inmates they house, in accordance with the requirements of the Constitution. It would seem virtually a truism to say that a state has a substantial interest in how its prisons are run and how inmates are treated. That that interest probably is most appropriately administered by the executive and legislative branches rather than by the courts does not diminish that interest or make it any less appropriately a subject of deference by a federal court. *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). *See also, Pernsley v. Harris*, 474 U.S. 965, 106 S.Ct. 331, 88 L.Ed.2d 314 (1985) (Burger, C.J., dissenting from denial of certiorari).

Nor can this case be distinguished from those discussed above on the ground that Burgos is not seeking here to enjoin the pending state proceeding itself, but merely to invite rulings and orders that would moot all or part of it. Even if Burgos were seeking only declaratory relief, if *Younger* abstention is otherwise warranted a federal court should stay its hand because "the basic policy against federal interference with pending state [proceedings] will be frustrated as much by a declaratory judgment as it would be by an injunction." *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971). In this case, where Burgos seeks not only declaratory but also injunctive relief, abstention follows *a fortiori* from *Mackell*.

\* \* \*

For the reasons set forth above, the captioned action is stayed pending further order of the Court, and the Clerk is directed to place the case on the suspense calendar.

SO ORDERED.