**Dennis LEVY, Plaintiff,**

v.

**Alfred LERNER, Judge Chief Administrator, Supreme Court Queens County; Charles Thomas, Judge Supreme Court, K-5 Queens County; Richard Brown, Prosecutor, Queens County; Richard Shankley, Assistant District Attorney, Queens County; John Doe, Assistant District Attorney, Queens County, in their individual and official capacities, Defendants.**

No. CV-93-4099.

United States District Court, E.D. New York.

May 26, 1994.

Dennis Levy, plaintiff pro se.

Judith C. McCarthy, Asst. Corp. Counsel, Carolyn Cairns Olson, Asst. Atty. Gen., New York City, for defendants.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

*Pro se* plaintiff Dennis Levy commenced this action by filing a Complaint on September 8, 1993. Plaintiff has named as defendants the Honorable Alfred Lerner and the Honorable Charles Thomas, Justices of the Supreme Court of the State of New York, Queens County (collectively the "State Justices"), as well as Richard Brown, the Queens County District Attorney, and Richard Shanley[1] and John Doe, Assistant District Attorneys in Queens County (collectively the "District Attorney defendants"). The State Justices and the District Attorney defendants have filed separate motions to dismiss; for the reasons described below, both motions are granted.

■ As a preliminary matter, subsequent to receiving the State Justices' motion to dismiss, plaintiff filed a motion for leave to amend the Complaint. Rule 15(a) of the Federal Rules of Civil Procedure states that "[a] party may amend the party's pleading

---

1. Plaintiff incorrectly has identified Richard Shanley as Richard Shankley in the caption and throughout the Complaint.

once *as a matter of course* at any time before a responsive pleading is served...." (emphasis added). Because a motion to dismiss does not constitute a responsive pleading under Rule 15(a), no responsive pleading has been served in this case, and plaintiff is entitled to amend the Complaint "as a matter of course." *See Centifanti v. Nix*, 865 F.2d 1422, 1431 n. 9 (3d Cir.1989); *Vernell v. United States Postal Serv.*, 819 F.2d 108, 110 (5th Cir.1987) ("A motion to dismiss is not a responsive pleading and therefore does not extinguish the right to amend an initial pleading."). This court accordingly will treat defendants' motions to dismiss as pertaining to the Amended Complaint.

## FACTS

### A. *The Underlying State Criminal Proceeding*

For purposes of this motion to dismiss, the following allegations in the Amended Complaint will be accepted as true. In January 1993, plaintiff, an African American, was indicted on two counts of robbery in the first degree and two counts of robbery in the second degree under Queens County Indictment number 5853/92. Am.Compl. ¶ 8. Justice Lerner, the judge alleged to be "responsible for the administration of the Queens Supreme Court," Am.Compl. ¶ 3, assigned Justice Thomas to preside over the prosecution of the plaintiff. Am.Compl. ¶ 10. Richard Brown is alleged to have assigned Assistant District Attorneys ("ADAs") Shanley and Doe to prosecute the case. Am.Compl. ¶ 8.

Plaintiff alleges that he appeared before Justice Thomas in January 1993, at which time ADA Shanley requested that bail be set at $100,000 and plaintiff asked for lower bail or to be released on his own recognizance; Justice Thomas set bail at $40,000. Am.Compl. ¶ 11. Plaintiff, who was represented by counsel, Am.Compl. ¶ 9, thereafter submitted a *pro se* motion for reduction of bail, which Justice Thomas denied. Am.Compl. ¶ 12. In February 1993, Justice Thomas granted plaintiff's motion for a Wade hearing. Am.Compl. ¶ 13. Justice Thomas ultimately denied plaintiff's motion to suppress an "eyewitness identification" of plaintiff, and

allegedly made no determination with respect to plaintiff's allegations that the District Attorney defendants had refused to disclose basic Rosario materials. Am.Compl. ¶¶ 13–15. Plaintiff also alleges that his attorney's representation was deficient—for example, his cross-examination of the eyewitness made a "farce and mockery of the defense"—but that Justice Thomas nonetheless denied his motion for reassignment of counsel made in April 1993. Am.Compl. ¶¶ 14, 16.

Plaintiff claims that on June 10, 1993, he testified at a pretrial hearing that he was suffering from a mental disease or defect caused by cocaine addiction, and that he requested a psychiatric examination; Justice Thomas denied the motion. Am.Compl. ¶ 16. On June 15, he moved "to be allowed to take the affirmative defense of lack of criminal responsibility by reason of mental disease or defect pursuant to C.P.L. 220.15.," which motion ADA Doe opposed; Justice Thomas denied this motion, as well. Am.Compl. ¶ 17. That same day, Justice Thomas conducted a competency hearing, at which he allegedly deliberately "failed to seek a determination of plaintiffs [sic] recollection of crimes so as to be able to assist in his own defense." Am.Compl. ¶ 18.

Justice Thomas refused to accede to plaintiff's request for a disposition without jail time, and trial commenced shortly thereafter. Am.Compl. ¶ 19. Plaintiff claims that while he was testifying, he experienced a "psychological episode (Amnesia) and he could not remember committing the crimes." Am.Compl. ¶ 21. ADA Doe allegedly "badgered" plaintiff and called him a "fake" in front of the jury, and Justice Thomas did not declare a mistrial. Am.Compl. ¶ 21. Plaintiff also alleges that Justice Thomas denied his motion for a new trial, Am.Compl. ¶ 22; permitted ADA Doe to make prejudicial remarks to the jury in his summation, Am.Compl. ¶ 23; charged the jury in a misleading and prejudicial manner, Am.Compl. ¶ 24; and "summarily dismissed ... without reading" plaintiff's motion to set aside the verdict and order a new trial. Am.Compl. ¶ 25. Justice Thomas then sentenced plaintiff to two sentences of five and one-half to seventeen years for the first degree robbery counts, and four and

one-half to nine years for the second degree robbery counts. Am.Compl. ¶ 25. Plaintiff filed a notice of appeal from his conviction on August 10, 1993. *See* Municipal Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Amend the Compl. and in Further Support of Municipal Defs.' Mot. to Dismiss the Compl. at 8 n. 2.

### B. *The Present Action*

Plaintiff now alleges that the above-described actions by defendants violated his constitutional rights to due process and equal protection of the law. Specifically, for his first cause of action, plaintiff claims that Justice Thomas's denial of his various motions (and presumably the District Attorney defendants' opposition to those motions) was motivated by racial animus, and that Justice Thomas would have granted reasonable bail, granted the motion for reassignment of counsel, granted an alternative to incarceration and imposed a lesser sentence if he were a similarly situated white American. Am. Compl. ¶¶ 26–29. Plaintiff further claims that defendants have a history of discriminating against African Americans in this manner, and that this pattern of discrimination has led to a "gross disparity" between the numbers of African Americans and white Americans in pretrial detention and prison. Am.Compl. ¶¶ 26–29.

For his second cause of action, plaintiff claims that by denying his discovery and suppression motions, defendants

> engaged in a conspiracy [sic] to withhold Rosario materials from the plaintiff for the purpose of impeding, hindering, obstructing, or defeating the due course of justice entitled to the plaintiff because he is black with the intention of denying the plaintiff the equal protection and due process of the law or were aware of such a conspiracy and have the power to prevent the conspracy [sic] or help to prevent it, neglected and/or refused to do so because the plaintiff is black.

Am.Compl. ¶ 30. Plaintiff further alleges that defendants would not have engaged in such a conspiracy with respect to a similarly situated white person, and that defendants' actions violated 42 U.S.C. § 1985(3). Am. Compl. ¶ 30.

Plaintiff asks this court to issue a declaratory judgment that defendants violated his constitutional rights when they "engaged in discriminatory and disparate treatment of plaintiff because of his race." Am.Compl. Wherefore Clause ¶ A. In addition, he seeks an order enjoining the defendants from treating criminal defendants disparately based on race and ordering them to "institute the recommendation(s) of the New York Judicial Commission on Minorities insofar as they relate to the bias in the setting of bail and in other applicable ways in the administration of justice in the Queens Supreme Court(s)." [2] Am.Compl. Wherefore Clause ¶ B.

### *DISCUSSION*

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must take all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The admonition not to dismiss assumes greater weight if—as is the case here—the complaint alleges a violation of civil rights. *Easton v. Sundram*, 947 F.2d 1011, 1015 (2d Cir.1991), *cert. denied*, ── U.S. ──, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Moreover, this court is mindful that *pro se* complaints are to be construed with even greater liberality. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir.1991).

The State Justices and the District Attorney defendants move to dismiss the Amended Complaint on the ground that it fails to state a claim upon which relief can be grant-

---

**2.** While plaintiff originally sought an order vacating and setting aside his sentence and directing a new trial with appropriate discovery, or, alternatively, acquitting plaintiff, as well as compensatory and punitive damages from all defendants, he has deleted these requests for relief in the Amended Complaint.

ed.[3] More specifically, both the State Justices and the District Attorney defendants claim they are absolutely immune from suit in this matter,[4] and that in any event, this court should abstain from entertaining the Amended Complaint. The District Attorney defendants further allege that plaintiff's claims for injunctive and declaratory relief are moot because his criminal trial is complete. Finally, all defendants claim that the Amended Complaint should be dismissed because plaintiff has failed to meet the threshold pleading requirements for claims under 42 U.S.C. §§ 1983 and 1985.

## I. The Immunity Doctrines

### A. The State Justices

#### 1. The Eleventh Amendment Immunity Doctrine

■ The Eleventh Amendment bars suits against the State of New York in federal court unless the state has consented to be sued or Congress has legislatively overridden the State's immunity. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 908–09, 79 L.Ed.2d 67 (1984). New York has not consented to be sued in federal court, *Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 39–40 (2d Cir.1977), and Congress did not override Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979).

■ To the extent a state official is sued for damages in his or her official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state. *Berman Enters., Inc. v. Jorling,* 3 F.3d 602, 606 (2d Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 883, 127 L.Ed.2d 78 (1994); *Gan v. City of N.Y.,* 996 F.2d 522, 529 (2d Cir.1993). However, whether state officials sued in their official capacities are

entitled to Eleventh Amendment immunity depends also upon the relief sought in the complaint. As the Second Circuit recently has affirmed, "[u]nder *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 ... (1908), acts of state officials that violate federal constitutional rights are deemed not to be acts of the state and *may be subject of injunctive or declaratory relief in federal court." Berman Enters.,* 3 F.3d at 606 (emphasis added); *see also Neville v. Dearie,* 745 F.Supp. 99, 102 (N.D.N.Y.1990) ("[A]bsolute immunity does not extend to actions seeking injunctive relief concerning judges.").

In this case, plaintiff has amended his Complaint to seek only declaratory and injunctive relief for alleged violations of his constitutional rights. The State Justices therefore are not entitled to absolute immunity under the Eleventh Amendment, and their motion to dismiss on this ground must be denied.

#### 2. The Judicial Immunity Doctrine

■ Similarly, the State Justices are not absolutely immune under the doctrine of judicial immunity. While the doctrine of judicial immunity provides that a judge is not liable for damages for acts performed in the exercise of his or her judicial function, *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 553–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967), judicial immunity does *not* bar actions seeking prospective injunctive relief against judicial officers. *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *see also Blake v. Costantino,* 710 F.Supp. 450, 451 (E.D.N.Y.1989). Hence the portion of the Amended Complaint seeking declaratory and injunctive relief against the State Justices may not be dismissed based on the State Justices' judicial immunity.

---

**3.** The District Attorney defendants also claim that this court should deny plaintiff's motion for leave to amend the Complaint because allowing such amendment would be futile; however, as discussed above, plaintiff is entitled to amend the Complaint as of right.

**4.** Although both the State Justices and the District Attorney defendants appear to acknowledge that their claimed immunity is limited to actions for damages only, in an abundance of caution, this court will address the viability of the immunity defenses with respect to plaintiff's claims for injunctive and declaratory relief.

## B. *The District Attorney Defendants*

■ The District Attorney defendants also have claimed that the Complaint against them should be dismissed because, *inter alia,* they are entitled to absolute immunity. "Similar to the rule applying to judges, unless a 'prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process.' " *Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990) (*quoting Barr v. Abrams,* 810 F.2d 358, 361 (2d Cir.1987)); *see also Gan,* 996 F.2d at 530 ("It is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under § 1983.") (*quoting Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 996, 47 L.Ed.2d 128 (1976)). However, the absolute immunity that may shield prosecutors from a damages claim does *not* bar the granting of declaratory or injunctive relief. As the Supreme Court stated in *Supreme Court of Va. v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 736–37, 100 S.Ct. 1967, 1977–78, 64 L.Ed.2d 641 (1980), "[i]f prosecutors and law enforcement personnel cannot be proceeded against for declaratory relief, putative plaintiffs would have to await the institution of state-court proceedings against them in order to assert their federal constitutional claims." *See also Schloss v. Bouse,* 876 F.2d 287, 292 (2d Cir.1989) (prosecutor's " 'entitlement to absolute immunity from a claim for damages does not bar the granting of injunctive relief' ... or of other equitable relief.") (citations omitted); *Selkirk v. Boyle,* 738 F.Supp. 70, 75 (E.D.N.Y.1990) (qualified immunity did not bar action against county attorney for declaratory or injunctive relief). In short, the claims against the District Attorney defendants cannot be dismissed on immunity grounds.

## II. *Abstention*

■ Both the State Justices and the District Attorney defendants argue that this court should abstain from adjudicating the matters raised in the Amended Complaint based on the doctrine of *Younger* abstention. As a general principle, federal courts have a "virtually unflagging obligation" to adjudicate cases within their jurisdiction. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Nonetheless, courts have recognized several traditional categories where abstention is proper; one of these is where there is a pending state court proceeding. *Younger v. Harris,* 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971). The *Younger* abstention doctrine is founded on concerns of comity, federalism and equity. *CECOS Int'l, Inc. v. Jorling,* 895 F.2d 66, 70 (2d Cir.1990) (citations omitted). Its application has been extended to civil and administrative proceedings, "so long as the state court has a means of reviewing constitutional claims," and to claims for injunctive and declaratory relief, as well as for damages. *Id.; Feerick v. Sudolnik,* 816 F.Supp. 879, 883 (S.D.N.Y.), *aff'd,* 2 F.3d 403 (2d Cir.1993). In order for the *Younger* abstention doctrine to apply,

> a district court must answer three questions affirmatively: (1) is there an ongoing state proceeding; (2) is an important state interest implicated; and (3) does the plaintiff have an avenue open for review of constitutional claims in the state court?

*CECOS Int'l,* 895 F.2d at 70; *see also Christ the King Regional High Sch. v. Culvert,* 815 F.2d 219, 223 (2d Cir.), *cert. denied,* 484 U.S. 830, 108 S.Ct. 102, 98 L.Ed.2d 63 (1987).

With respect to whether there is an ongoing state proceeding, it is settled that for purposes of *Younger* abstention, a proceeding is considered pending until all appellate court remedies have been exhausted. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975); *Simmonds v. Deutsch,* 1989 WL 32835, at *8 (E.D.N.Y. Mar. 27, 1989). In this case, at the time plaintiff commenced his action, the opportunity for him to appeal his judgment of conviction still was available; indeed, plaintiff apparently filed a notice of appeal on August 10, 1993. *Cf. Davis v. Lansing,* 851 F.2d 72, 76 (2d Cir.1988) (plaintiff conceded he could raise constitutional claims on direct appeal from criminal conviction in state

court). Accordingly, the first *Younger* question can be answered in the affirmative.

With respect to the second prong, the Supreme Court has held that in a civil case, the issue of whether an important state interest is implicated must be resolved in favor of abstention " 'if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government.' " *Burgos v. Koehler*, 727 F.Supp. 847, 851 (S.D.N.Y.1990) (*quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987)). Here, it is clear that the state's interest in ensuring that its judicial system does not treat plaintiff and other criminal defendants disparately on the basis of their race is paramount. *Cf. Burgos*, 727 F.Supp. at 852 (finding it is "virtually a truism" for purposes of *Younger* abstention to say that state has a substantial interest in ensuring that its prisons are operated and inmates are treated in accordance with the requirements of the Constitution). Similarly, to the extent the Amended Complaint asks this court to compel the state courts to implement the alleged recommendations of the New York Judicial Commisison on Minorities, a "proper respect for state functions" requires that the state courts be given the opportunity to implement any such recommendations. *Pennzoil*, 481 U.S. at 10, 107 S.Ct. at 1525 (*quoting Younger*, 401 U.S. at 44, 91 S.Ct. at 750). Involving the federal court in overseeing the state courts in the manner requested by plaintiff would implicate precisely the type of interference with state proceedings that the *Younger* abstention doctrine was designed to avoid.

As for the third question—whether plaintiff will have an avenue open for review of his constitutional claims in the state court—it is clear that plaintiff will be able to present his federal claims in state court. "[O]ne of the fundamental policies underlying the doctrine of *Younger* abstention is the recognition that state courts are fully competent to decide federal constitutional questions." *Simmonds*, 1989 WL 32835, at *10. Even if the litigant has not raised his federal claims in

state court, the federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15, 107 S.Ct. at 1528.

■ The court faced claims similar to those asserted by the plaintiff in this case in *Simmonds*. In that case, plaintiffs alleged, *inter alia*, that proceedings in the family court regarding custody of their children were "fraught with violations of their rights," including the wrongful arrest and incarceration of one of the plaintiffs; the imposition by the judge of severe restrictions on the evidence plaintiffs were permitted to present; the denial of meritorious motions by the judge; and the discounting by the judge of testimony presented by witnesses called by plaintiffs. *Id.* at *3. These allegations constituted the basis for plaintiffs' federal court action pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, seeking both injunctive relief and damages; as Judge Dearie summarized the action, plaintiffs claimed "that were it not for the fact that plaintiffs are black and of Afro–American national origin, the defendants would not have acted in this manner." *Id.* In finding that the third *Younger* abstention prerequisite had been established, Judge Dearie commented that

> [n]othing precludes [plaintiffs] from raising their constitutional claims on appeal from the dispositional determinations, or in their motion to vacate the civil nuisance judgment or in the pending dispositional proceeding before [the family court]. Indeed, it is curious that plaintiffs apparently have not raised any of the constitutional claims pressed here.

*Id.* at *10. Similarly, in this case, the state court provides a fully adequate forum for plaintiff to present his constitutional claims, and it should be given the opportunity to hear those claims.

Finally, this court does not find that this case fits into any of the exceptions to the *Younger* abstention doctrine. That is, there is no indication that the state proceeding was motivated by a desire to harass or was brought in bad faith,[5] that the challenged determinations were "flagrantly and patent-

---

5. The Supreme Court has defined prosecutorial     bad faith as requiring a showing that the charges

ly" unconstitutional, or that other circumstances posing great, immediate and irreparable harm to plaintiff exist. *Thomas v. New York City*, 814 F.Supp. 1139, 1150 (E.D.N.Y. 1993); *Neustein v. Orbach*, 732 F.Supp. 333, 342 (E.D.N.Y.1990).

Accordingly, both the State Justices' and the District Attorney defendants' motions to dismiss are granted on the ground that the *Younger* abstention doctrine precludes plaintiff's action.[6]

### III. *Other Pending Motions*

Subsequent to the filing of papers by all parties concerning defendants' motions to dismiss, plaintiff filed a motion pursuant to Fed.R.Civ.P. 23 seeking an order certifying plaintiff "as representing African Americans in the past and present who have been injured in the same way by the discriminatory treatment of the defendants during court proceedings in Queens County (and New York City)...." Notice of Mot. In his class certification papers, plaintiff also alleges that he has pending an application for appointment of counsel. *See* Aff. in Support of Mot. for Class Certification at 6. In light of the foregoing conclusion that this court will abstain from adjudicating plaintiff's case under the *Younger* doctrine, both plaintiff's motion for class certification and for appointment of counsel are denied.

### CONCLUSION

For the reasons stated above, plaintiff's motion to amend the Complaint is granted; the State Justices' and the District Attorney defendants' motions to dismiss the Amended Complaint are granted; and plaintiff's motions for class certification and for appointment of counsel are denied.

SO ORDERED.

against a plaintiff were instituted with "no genuine expectation" of their eventual success, but rather to discourage the exercise by a plaintiff of his or her constitutional rights. *Feerick v. Sudolnik*, 816 F.Supp. 879, 884 (S.D.N.Y.), *aff'd*, 2 F.3d 403 (2d Cir.1993) (*citing Younger*, 401 U.S. at 48, 91 S.Ct. at 752; *Allee v. Medrano*, 416 U.S. 802, 819, 94 S.Ct. 2191, 2202, 40 L.Ed.2d 566 (1974)). Plaintiff has set forth no allegations rising anywhere close to this level.

**6.** In light of the foregoing conclusion, it is unnecessary to address the additional grounds for dismissal raised by defendants. .