**Kristina BOROWSKI, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

No. 2:96–cv–4.

United States District Court, D. Vermont.

April 22, 1996.

Mary Gilmore Kirkpatrick, Lisman & Lisman, Burlington, VT, for plaintiff.

Heather Briggs, Downs, Rachlin & Martin, P.C., Burlington, VT, for defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

This is a suit by a former employee to recover disability benefits under her company's disability income plan. On January 5, 1996, defendant International Business Machines Corporation ("IBM") filed a motion to dismiss plaintiff's complaint on the grounds that her state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"). On January 26, 1996, plaintiff Kristina Borowski moved to amend her complaint to include ERISA claims against IBM.

In opposition to the amendment, and in further support of its motion to dismiss, IBM has asserted that Borowski's ERISA claims must fail as a matter of law. IBM has requested a stay of discovery until the pending motion to dismiss is decided; Borowski has requested a stay of this Court's decision on the motion to dismiss until she receives her requested discovery. For the reasons stated below, plaintiff's motion to amend is DENIED as moot; defendant's motion to dismiss is GRANTED in part and DENIED in part; and the parties' motions to stay are DENIED.[1]

*Background*

The complaint alleges the following facts. Borowski began to work for IBM as a chemical engineer in 1979. In December 1983 she took a paid medical leave of absence for six months. In June 1984 her request for part-time employment to accommodate her medical condition was denied. Borowski was then permitted to take a one-year unpaid leave of absence, from June 1984 to June 1985. In June 1985 she again requested part-time employment, and again was denied. She thereupon resigned.

Borowski's medical condition was diagnosed as multiple sclerosis in December 1991. In July 1994 she wrote to IBM to apply for disability benefits, after her physician advised her of her right to such benefits.

While Borowski was employed at IBM, IBM employees were eligible for disability coverage under its Medical Disability Income Plan ("MDIP"). IBM changed its disability plan effective January 1, 1993 to a "Long Term Disability Plan" administered by Met-Life.

On July 27, 1994 MetLife denied her claim for disability benefits, on the grounds that her claim should have been submitted within 12 months of the date of her disability and that in any event she was ineligible for Long Term Disability benefits because she was "involved with MDIP from IBM."

Borowski filed suit in Chittenden Superior Court on December 21, 1995 alleging breach of contract, breach of fiduciary and trustee duties and breach of a contractual covenant of good faith and fair dealing. IBM removed the case to federal court on diversity grounds.

I. Motion to amend complaint.

■ A party may amend her pleading once as a matter of course at any time before a responsive pleading is served. Fed. R.Civ.P. 15(a). Pleadings consist of complaint, answer, reply, answer to cross-claim, and third-party complaint and answer. Fed. R.Civ.P. 7(a). IBM has filed a motion to dismiss, but not an answer in this case. Its motion to dismiss is not a "responsive pleading." Borowski may amend her complaint as of right. *D.S. America (East), Inc. v. Chromagrafx Imaging Systems, Inc.*, 873 F.Supp. 786, 795 (E.D.N.Y.1995); *Levy v. Lerner*, 853 F.Supp. 636 (E.D.N.Y.1994), aff'd 52 F.3d 312 (2d Cir.1995). Borowski's amended complaint having been docketed, her motion to amend is denied as moot.

II. Motion to dismiss complaint.

IBM has moved to dismiss Borowski's complaint in its entirety, claiming that her common law claims are preempted by ERISA and that her ERISA claims must fail as a matter of law.

A. ERISA Preemption.

The provisions of ERISA "apply to any employee benefit plan if it is established or maintained ... by any employer engaged in commerce or in any industry or activity affecting commerce ..." 29 U.S.C. § 1003(a). An employee benefit plan means an employee welfare benefit plan or an employee pension benefit plan or a hybrid of both. 29 U.S.C. § 1002(3). An employee welfare benefit plan includes a plan which is established or maintained by an employer "for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits in the event of

---

**1.** Plaintiff requested oral argument on the pending motions. The Court finds that the issues have been well briefed and thus declines to hear oral argument, pursuant to Local Rule No. 5(a)(4).

sickness, accident, [or] disability ..." 29 U.S.C. § 1002(1).

■ Borowski has claimed that IBM provided for disability benefits for its employees. Amended Complaint at ¶ 13, 16. Disability benefits are covered by ERISA. 29 U.S.C. § 1002(1). Provision of these benefits must constitute a "plan" however, for ERISA preemption to apply. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987).

■ A "plan" under ERISA is established if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Grimo v. Blue Cross/Blue Shield, of Vermont*, 34 F.3d 148, 151 (2d Cir.1994).

■ At this early stage of the case, the factual record is sparse. In deciding a motion to dismiss, however, the Court presumes all factual allegations of the complaint and any documents incorporated or appended to it to be true. *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40 (2d Cir.1991). Borowski has attached as Exhibit 2 of her complaint portions of an IBM employee handbook entitled "IBM Medical Disability Income Plan" and "IBM Sickness and Accident Income Plan." From these documents it can be reasonably inferred that IBM employees who met certain criteria were eligible for disability benefits, that the plan was financed, that it set forth procedures for receiving benefits and that it was established and maintained by IBM.

■ Moreover, although Borowski asserts that IBM must prove that its plan is an ERISA plan, she appears to concede that her claims fall under ERISA. Plaintiff's Memorandum of Law in Further Support, pp. 4–6. From the pleadings it appears that the IBM policy is an employee welfare benefit plan as defined by the statute.

Under § 514(a) of ERISA, 29 U.S.C. § 1144(a), any and all state laws that "relate to" an employee benefit plan as described by the statute are preempted. The term "state laws" includes "all laws, decision, rules, regulations, or other State action having the ef-

fect of law, of any State." 29 U.S.C. § 1144(c).

■ In *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the United States Supreme Court held that ERISA preempts state common law tort and contract actions asserting improper processing or denial of a claim for disability benefits under an insured employee benefit plan. Counts I through III of Borowski's amended complaint assert common law tort and contract claims against IBM for failing to provide disability benefits to her. These claims are preempted by ERISA, and must be dismissed.

### B. Failure to state an ERISA claim

In Counts IV through VII of her amended complaint Borowski alleges violations of ERISA, at 29 U.S.C. §§ 1132(a)(1)(B), 1133, 1104(a)(1) and a general breach of fiduciary duty. As part of its opposition to Borowski's amendment of her complaint, IBM argues that her claims are time-barred and that she was not a participant or beneficiary in the plan as defined in 29 U.S.C. § 1002(7–8). The Court will consider these arguments as additional grounds for dismissal of the amended complaint.

#### 1. Statute of Limitations

Borowski's complaint asserts that she was denied disability benefits on July 27, 1994. Amended Complaint, ¶ 18. She filed her initial complaint in state court on December 21, 1995, protesting the denial of benefits. The parties do not dispute the applicability of Vermont's six year statute of limitations to actions under ERISA asserting denial of benefits. 12 V.S.A. § 511; *Miles v. New York State Teamsters Conference Pension Plan*, 698 F.2d 593 (2d Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983). Claims of breach of fiduciary duty under ERISA are governed by 29 U.S.C. § 1113, which provides for a three or a six year limitation on actions, depending on whether the administrator can demonstrate that the employee had actual or constructive knowledge of the alleged breach.

IBM claims that Borowski's alleged breach occurred when she resigned in 1985, well beyond the lengthiest statute of limitations applicable. Borowski claims that the breach occurred when she was denied benefits in 1994, well within the shortest applicable statute. A plaintiff's ERISA cause of action accrues "when there has been a repudiation by the fiduciary which is clear and made known to the beneficiar[y]." *Larsen v. NMU Pension Trust*, 902 F.2d 1069, 1073 (2d Cir.1990) (quoting *Miles*, 698 F.2d at 598). *See also Patterson–Priori v. Unum Life Insurance Co. of America*, 846 F.Supp. 1102 (E.D.N.Y.1994) (courts recognize that an ERISA cause of action accrues when an application for benefits is denied).

The allegations of the complaint being taken as true for purposes of a motion to dismiss, repudiation took place on July 27, 1994. To be sure, the fact that Borowski applied for disability benefits several years after she ceased to work for IBM may exclude her from eligibility for benefits under the terms of MDIP or MetLife's Long Term Disability Plan, and IBM may be entitled to summary judgment. That issue is not before the Court. IBM has not demonstrated that the complaint is time-barred at this stage of the litigation, and its motion to dismiss is denied on that ground.

### 2. Participant or beneficiary.

"Participant" is defined as "any employee or former employee of an employer, ... who is or may become eligible to receive a benefit of any type from an employee benefit plan ..." 29 U.S.C. § 1002(7). "Beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Borowski has claimed that she is a participant or a beneficiary of an employee benefit plan. Amended Complaint ¶ 22.

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), is cited by IBM as holding that to qualify as a participant or beneficiary under ERISA, the claimant must either be a current employee or a former employee who has a reasonable expectation of returning to covered employment. *Firestone* involved a claim for severance benefits. The claimants had alleged that they were participants, as defined in 29 U.S.C. § 1002(7). The United States Supreme Court construed participant to mean employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits. *Firestone*, 489 U.S. at 117, 109 S.Ct. at 957–58.

In order to establish that a claimant "may become eligible" for benefits, she "must have a colorable claim that ... she will prevail in a suit for benefits, or that eligibility requirements will be fulfilled in the future." *Id.* at 117–118, 109 S.Ct. at 958. Borowski has asserted a colorable claim that she is entitled to disability benefits, and at this stage of the litigation she need show no more.[2]

### Conclusion

Plaintiff's Motion to Amend Complaint (paper 9) is Denied as moot. Defendant's Motion to Dismiss (paper 2) is Granted as to Counts I, II and III of the Amended Complaint, and Denied as to Counts IV through VII. Defendant's Motion for Protective Order and Stay (paper 12) is Denied. Plaintiff's Motion to Stay Decision (paper 14) is Denied as moot.

---

2. If this Court were to follow IBM's reasoning, that to be deemed a participant a claimant must have a reasonable expectation of returning to covered employment, then no one who was forced to leave the work force due to long term or permanent disability could ever have standing to sue for denial of benefits under ERISA. The Court will not construe *Firestone* to require such an irrational result.