Leslie BALDWIN, Plaintiff,

v.

**LIJ NORTH SHORE HEALTH
SYSTEM, Defendant.**

No. 05 CV 2472(ADS)(ETB).

United States District Court,
E.D. New York.

Oct. 12, 2005.

Leslie Baldwin, Manhasset, NY, Plaintiff Pro se.

Office of Legal Affairs North Shore–Long Island Jewish Health System by Mark A. Gloade, Esq., Great Neck, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The *pro se* plaintiff Leslie Baldwin ("Baldwin" or the "plaintiff") alleges that the defendant LIJ North Shore Health System ("LIJ" or the "defendant"), her former employer, violated Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e–17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L. No. 102–166) ("Title VII") by creating unequal terms and conditions of her employment because of her race and gender. She also alleges that her employer retaliated against her for complaining that she was discriminated against, and terminated her employment. Presently before the Court is a motion by the defendant pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

### A. Procedural History

On March 16, 2004, the plaintiff filed a timely charge of discrimination with the New York State Division of Human Rights ("NYSDHR"). The plaintiff's charge was dual-filed with the United States Equal Opportunity Commission ("EEOC"). On March 17, 2005, the EEOC issued a Notice of Right to Sue to the plaintiff. On May 16, 2005, the plaintiff commenced this action within ninety days of receipt of the Notice, claiming that the defendant violated the provisions of Title VII.

On July 5, 2005, the defendant made the present motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") to dismiss the complaint for failure to state a claim for which relief may be granted. On July 18, 2005, the same day that the plaintiff filed an affida-

vit in opposition to the defendant's motion, the plaintiff submitted a letter seeking to amend the complaint. The proposed amended complaint differs from the original complaint insofar as it identifies the plaintiff's race and adds claims of retaliation and unequal terms and conditions of employment. The defendant has filed a reply memorandum in further support of its motion to dismiss and in opposition to the plaintiff's request for leave to amend the complaint.

### B. As to Plaintiff's Amended Complaint

■ Fed.R.Civ.P. 15(a) provides that a party is entitled to amend its pleading "once as a matter of course at any time before any responsive pleading is served." Here, the defendant filed a motion to dismiss. A motion to dismiss is not a responsive pleading and, thus, the plaintiff's amended complaint is properly before the court. *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 56 (2d Cir.1996).

■ Furthermore, concurrently with the submission of her amended complaint the plaintiff filed an affidavit in opposition to the defendant's motion to dismiss. The plaintiff's affidavit includes additional factual allegations regarding her treatment while employed by LIJ and annexes the plaintiff's NYSDHR complaint. In consideration of the plaintiff's *pro se* status and the liberal rules regarding amendments to pleadings, the Court will treat the factual allegations in the affidavit and its attachments as amendments to the complaint. *See Brooks v. Hevesi*, No. 95 Civ. 3209(JSM), 1995 WL 758611 (S.D.N.Y. Dec. 22, 1995). Accordingly, the motion to dismiss will be considered as being directed at the amended complaint. *See Levy v. Lerner*, 853 F.Supp. 636, 638 (E.D.N.Y. 1994). The defendant will not suffer any prejudice from this because LIJ has ad-

dressed the amended complaint in its reply memorandum in further support of its motion to dismiss.

### C. Factual Background

The following facts are derived from the amended complaint and are taken as true for the purposes of this motion.

The plaintiff, who is black, began working for LIJ in July of 1997 as a "Patient Care Associate." The plaintiff "love[d]" her job, maintained a "satisfactory" attendance record, and her "performance was alway[s] good." On December 29, 2003, the plaintiff received two disciplinary warnings for unspecified "performance issues" that arose sometime during November and December of 2003. The warnings were issued by a Ms. McGlynn, a white nursing director at LIJ. Ms. McGlynn informed the plaintiff that she was being suspended and that she should speak to a Mr. Perez, who is involved with LIJ's "Employee Assistan[ce] Program." Mr. Perez is Hispanic. The plaintiff claims she met with Ms. McGlynn and Mr. Perez several times between December 29, 2003 and January 20, 2004 concerning her suspension. The plaintiff was not allowed to return to work during that period of time, and has not returned to work. According to LIJ she was terminated on January 4, 2004. Although the plaintiff does not describe the "performance issues" that led to her suspension and eventual termination, the plaintiff claims that "[w]hite co-workers who have been accused of the [sic] doing the same thing I was counseled and suspended for have not been disciplined and/or suspended."

In addition, the plaintiff claims that at some point prior to her suspension and termination, she twice became ill when three female co-workers allegedly poisoned her drinking water. The precise dates of these incidents are not clear. The plaintiff submitted a letter to the EEOC with her original complaint that places the poisonings in March, presumably of 2004, the same year the letter is dated. However, the Court notes that this is unlikely because it is clear from other documents comprising the amended complaint that the plaintiff was no longer working for LIJ at that time. The plaintiff sought medical attention for her illness but was denied treatment by a physician who worked for LIJ. The plaintiff referred this incident to a supervisor at LIJ, Ms. McGlynn, and was told that no one at LIJ "wants to deal with this."

## II. DISCUSSION

### A. Legal Standards

A court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim only where " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000), *abrogated on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). All of the factual allegations in the complaint must be accepted as true and all inferences drawn in the light most favorable to the plaintiff. *Id.* (citing *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)).

In its analysis under Rule 12(b)(6), the court "must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Id.* at 39 (citing *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). At the pleading

stage, the plaintiff in an employment discrimination case need only provide a " 'short and plain statement' " that " 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz*, 534 U.S. at 512–13, 122 S.Ct. at 998 (citing *Conley*, 355 U.S. at 47, 78 S.Ct. at 103). This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998.

■ Further, a *pro se* plaintiff's submissions are held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993). A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to her lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). Indeed, courts must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). On the other hand, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth*, 710 F.2d at 95 (internal quotations omitted).

## B. As to Race Discrimination

■ In order to establish a *prima facie* case of discrimination under Title VII, the plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment ac-

tion; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567 (2d Cir.2000). Although an employment discrimination complaint need not contain specific facts establishing a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 999, 152 L.Ed.2d 1 (2002), the plaintiff must allege facts which give fair notice of her claim and the grounds upon which it rests. *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998.

■ In her NYSDHR complaint, the plaintiff alleged that she performed her duties at LIJ well and maintained a satisfactory attendance record; was "counseled and suspended" for "alleged performance issues"; that she was eventually suspended and prevented from returning to work by the defendant; that "White co-workers" who had been accused of committing acts similar to those the plaintiff was accused of committing have not been disciplined or suspended. In particular, she has alleged that one white co-worker had not been suspended or disciplined for "writing prescriptions and selling them"; and that the plaintiff was subject to this disparate treatment because of her race. These allegations are sufficient to give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Accordingly, the defendant's motion to dismiss the plaintiff's claims of discrimination based on race is denied.

## C. As to Gender Discrimination

■ Nowhere in the amended complaint does the plaintiff identify her gender. Assuming the plaintiff is female, her gender discrimination claim must fail because the amended complaint does not al-

lege any fact from which to infer that she was subjected to unequal treatment because she is a woman. In fact, many of the individuals whom the plaintiff alleges committed the discriminatory acts were themselves women.

■ The defendant argues that the gender discrimination claim should be dismissed because this claim was not raised in the plaintiff's complaint to the NYSDHR. Although the defendant correctly points out that the plaintiff failed to raise the gender issue in her complaint to the NYSDHR, this does not automatically bar the plaintiff's claim. "[C]laims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir.1999).

Nevertheless, the Court declines to address whether or not the gender claim is "reasonably related" to the race claims filed with the NYSDHR and EEOC. This claim must fail because the plaintiff has not alleged facts which give the defendant fair notice of her gender discrimination claim and the grounds upon which it rests. *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998. Accordingly, the defendant's motion to dismiss the plaintiff's gender claim is granted.

### D. As to Retaliation

■ The plaintiff also asserts that the defendant retaliated against her in violation of Title VII, which provides that "[i]t shall be unlawful employment practice for an employer to discriminate against any of his employees … because [such employee] has opposed any practice made an unlawful practice by this subchapter." 42 U.S.C. § 2000e–3(a). In order to establish a *prima facie* case of retaliation under Title VII, the plaintiff must show that (1) she took part in a Title VII protected activity; (2) the employer knew that the plaintiff took part in that activity; (3) the employer acted adversely toward the plaintiff; and (4) the plaintiff's protected activity is causally connected to the adverse action taken by her employer. *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir.2000) (citing *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir.1993)). At this stage of the case, the plaintiff is only required to give fair notice of the retaliation claim and the grounds upon which it rests, in order to defeat the present motion. *See Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998.

■ Here, the only activity protected under Title VII that the plaintiff engaged in was filing a charge of discrimination with the EEOC and the NYSDHR. However, this activity occurred *after* the plaintiff's alleged mistreatment. The plaintiff was allegedly poisoned while still working at LIJ, suspended on December 29, 2003, terminated on January 4, 2004, and she filed her discrimination claim in the NYSDHR on March 16, 2004. Therefore, even the most liberal reading of the amended complaint fails to support the inference that the plaintiff's alleged poisoning, suspension, or termination happened as a result of the plaintiff's protected activity, namely her filing the claim in the NYSDHR on March 16, 2004. Accordingly, the motion to dismiss the retaliation claim is granted.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the motion by the defendant LIJ North Shore Health System pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted is

485

DENIED as to the plaintiff's claim of racial discrimination; and it is further

ORDERED, that the motion by the defendant LIJ North Shore Health System pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted is GRANTED as to the plaintiff's claims of gender discrimination and retaliation.

SO ORDERED.