Adam **PERRY**, Plaintiff,

v.

**SONY MUSIC**, Defendant.

**No. 05 CIV. 7730(VM).**

United States District Court,
S.D. New York.

Nov. 20, 2006.

---

Adam Perry, New York City, Pro se.

Christina L. Feege, Littler Mendelson, P.C., New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Pro Se plaintiff Adam Perry ("Perry") brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII") against defendant Sony Music Entertainment Inc. ("Sony") alleging unlawful racial discrimination arising out of Sony's termination of Perry's employment. Sony moves under Fed.R.Civ.P. 12(b) to dismiss the complaint for failure to state a claim for which relief can be granted, or alternatively for failure to file the complaint within the applicable statute of limitations period. At Perry's request, the Court granted him two extensions to respond to Sony's motion, first to August 1, 2006 and the second to October 1, 2006. On the latter occasion the Court warned Perry that no further extension would be considered absent extraordinary circumstances. The Court has not received any further response from Perry, other than a document dated July 25, 2006 labeled Affirmation in Opposition. For the reasons stated below the motion is granted.

### DISCUSSION

For the purposes of deciding this motion the Court accepts as true the factual allegations of Perry's complaint, and draws all reasonable inferences in his favor. *See Desiderio v. National Ass'n of Secs. Dealers,* 191 F.3d 198, 202 (2d Cir.1999).

Perry claims that he was wrongfully terminated from his employment at Sony, where he had worked as a mailroom clerk for over seven years. The dismissal followed an incident on October 31, 2003 during which James Kenny ("Kenney"), Perry's supervisor, who is white, asked Perry to take some mail containers to a loading dock. Perry, believing that another employee, a white co-worker, was scheduled to perform the task, refused. Kenny warned Perry that he would be written up for insubordination if he refused to carry out the assignment. When Perry failed to do so, Kenny charged him with insubordination. On that basis Perry was dismissed on November 3, 2003.

Perry proceeded to file a charge of discrimination with the Equal Employment Commission ("EEOC") on November 26, 2003. The EEOC issued a Dismissal and Notice of Rights on May 26, 2004. Perry commenced this action on January 20, 2005. By Order dated September 2, 2005, following a review by Chief Judge Mukasey of Perry's original complaint, Perry

was directed to file an amended complaint alleging facts supporting his conclusion that, by reason of his dismissal, Sony had discriminated against him on the basis of race, and explaining why the complaint should not be dismissed as untimely. In response, Perry submitted an amended complaint on November 11, 2005 claiming that he had been unable to file the original complaint within 90 days of the EEOC Right to Sue Letter because he had been incarcerated.

▮ Even in the Amended Complaint Perry makes no sufficiently specific factual allegation of racial discrimination. He asserts simply that Kenny's direction made him feel like a "lackey" and alleges that he felt he was discriminated against because he is black. Other than this conclusory assertion, Perry provides no further detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that his race played a role in Sony's decision to dismiss him. The Court finds these allegations insufficient to satisfy the minimum pleading standards of Fed.R.Civ.P. 8 necessary to state a viable Title VII claim, even when viewing the complaint in the most favorable light and taking into account Perry's pro se status. *See Baldwin v. LIJ North Shore Health Sys.*, 392 F.Supp.2d 479, 483 (E.D.N.Y. 2005) (*citing Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983)); *see also Swierkiewicz v. Sorema*, 534 U.S. 506, 513–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Accordingly, the Court concludes that dismissal of the complaint is warranted. Because Perry was already afforded an opportunity to cure the deficiencies of his initial complaint and failed to do so in the amended complaint, the Court deems it appropriate not to grant any further leave to replead.

▮ Further supporting dismissal without leave to replead is that Perry's complaint was filed more than four months after the applicable statutory deadline and

he has not provided sufficient showing of diligence on his part, or of misconduct by defendant, or any other compelling grounds to justify equitable tolling of the statute of limitations. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11 (2d Cir. 1994); *Jenkins v. Potter*, 271 F.Supp.2d 557, 563 (S.D.N.Y.2003). Perry's explanation that he was incarcerated during the period in question is not sufficient by itself to support application of the doctrine. *See Walker v. Jastremski*, 159 F.3d 117, 119 (1998).

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 21) of defendant Sony Music Entertainment Inc. To dismiss the complain here is GRANTED.

The Clerk of Court is directed to dismiss this case.

SO ORDERED.